HERTZ *v.* MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N
OF OMAHA.

INSURANCE—HEALTH AND ACCIDENT POLICY—HEART DISEASE.

> Under health and accident insurance policy granting benefits for disability resulting from heart trouble only if disease originates after policy has been in continuous force for the six preceding months, plaintiff's right to recover for disability due to heart trouble originating within four months from time policy was issued *held,* excluded by express terms of the policy.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted June 16, 1937. (Docket No. 123, Calendar No. 39,604.) Decided September 1, 1937.

Assumpsit by Israel M. Hertz against Mutual Benefit Health & Accident Association of Omaha on a health and accident insurance policy. From judgment for defendant on the pleadings, plaintiff appeals. Affirmed.

*Louis Rosenzweig,* for plaintiff.

*Lightner, Crawford, Sweeny, Dodd & Toohy* (*Clifford M. Toohy* and *George D. Haller,* of counsel), for defendant.

POTTER, J. Plaintiff sued defendant on an insurance policy. Plaintiff claimed June 17, 1935, defendant issued to him an insurance policy, hereinafter more particularly referred to, under which plaintiff was insured against sickness. There were addi-

tional provisions for payment in case he was confined to a hospital.

Plaintiff alleged in his amended declaration that on September 30, 1935, and more than 30 days after the effective date of the policy, plaintiff became ill with heart trouble and totally and permanently disabled to follow his occupation or to do any other work whatsoever and was confined to a hospital in the city of Detroit from September 30, 1935, for a period of more than three months consecutively, and that he was confined to his home for three months thereafter, and thereafter remained ill though not confined to his home but under regular medical attendance and unable to attend to his work and occupation; that defendant denied liability upon the policy; that he had applied for settlement and it had been refused. Defendant answered the amended declaration of plaintiff and moved for judgment of no cause of action because plaintiff's declaration did not state a cause of action but affirmatively showed an absence of liability on the part of defendant. The trial court sustained this motion and entered judgment for defendant, and plaintiff appeals.

The policy of insurance was for stipulated monthly benefits, with a death benefit of $5,000 and a maximum death benefit of $10,000. By the insuring clause, plaintiff was insured by the defendant against sickness and accident during the term of the policy, "subject, however, to all the provisions and limitations hereinafter contained." Among the provisions thereinafter contained were the following:

(1) "The association will pay, for one day or more, at the rate of $100 per month for the first 15 days and at the rate of $200 per month thereafter for disability resulting from disease, the cause of which originates more than 30 days after the effec-

tive date of this policy, and which confines the insured continuously within doors and requires regular visits therein by legally qualified physician; provided said disease necessitates total disability and total loss of time.''

(2) ''This policy does not cover death, disability, or other loss sustained in any part of the world except the United States and Canada, or while engaged in military or naval service in time of war, or any act of war, or while the insured is not continuously under the professional care and regular attendance, at least once a week, beginning with the first treatment, of a licensed physician or surgeon, other than himself; or received because of or while participating in aeronautics, except as provided in Part I; or while suffering from insanity or mental infirmity; or while the insured is suffering from syphilis or venereal disease. Disability resulting from tuberculosis or heart trouble shall be covered only *if the disease originates after the policy has been in continuous force for the six preceding months.''*

Under the facts alleged in plaintiff's declaration, plaintiff's disability resulted from heart trouble which originated before the policy had been in continuous force for the six preceding months. Plaintiff's right to recover is excluded by the express terms of the policy. The trial court so held and its judgment is affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.