[Civil No. 4120.   Filed January 26, 1940.]

[96  Pac.  (2d)  749.]

# MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION, a Corporation, Appellant, v. MARGUERITE RYAN, Appellee.

Messrs. Woolf & Shute, for Appellant.

Mr. Henry H. Miller and Mr. Paul H. Primock, for Appellee.

ROSS, C. J.—In our former opinion, handed down December 11, 1939, the article "the" was left out of the provision of the policy numbered (4) *infra,* making it read "for six (6) preceding months" instead of "for *the* six (6) preceding months," and this opinion is to correct such error of quotation and is substituted for the former opinion.

The plaintiff, Marguerite Ryan, a policy-holder in the defendant, Mutual Benefit Health and Accident Association, brought this action to recover health benefits, and from a judgment in her favor the defendant has appealed.

The action grew out of a dispute as to whether under the contract the plaintiff, she having defaulted in payment of premiums, was reinstated so as to entitle her to indemnity on account of sickness and disability resulting from tuberculosis. The facts are stipulated and are as follows:

The policy was issued March 4, 1936. It provides that the premiums should be paid in advance, $20 as the first payment and $15 quarterly thereafter, beginning July 1, 1936. The premiums were promptly paid for the rest of the year 1936 but the one due January 1, 1937, was paid January 5th; the one due April 1st, was paid April 7th; the one due October 1st, was paid October 11th, and the one due January 1, 1938, was paid March 14, 1938. All these delinquent premiums were accepted by the defendant and

under its terms the contract was automatically re-
instated. March 28, 1938, the plaintiff became dis-
abled from pulmonary tuberculosis and was confined
continuously thereafter for three months in a hos-
pital and four and one-half months in her home, un-
able to do anything, and under the care of a doctor.

It is stipulated that if plaintiff is entitled to any-
thing under the contract, it is the sum of $900.

The provisions of the policy requiring examina-
tion and construction by the court are as follows, and
we number them for convenient reference hereafter:

(1) The first clause (Insuring Clause) of the policy
insures

"Marguerite Ryan . . . against loss of time be-
ginning while this Policy is in force and resulting
from disease contracted during any term of this
Policy, respectively, subject, however, to all the pro-
visions and limitations hereinafter contained."

(2) Under "Illness Benefits," in Part K, it is pro-
vided that

"The Association will pay . . . for disability re-
sulting from disease, the cause of which originates
more than thirty days after the effective date of this
policy. . . . "

(3) Under paragraph 3 of Standard Provisions it
is provided that

"If default be made in the payment of the agreed
premium for this policy, the subsequent acceptance of
the premium by the Association or by any of its duly
authorized agents shall reinstate the policy, but only
to cover accidental injury thereafter sustained and
such sickness as may begin more than ten days after
the date of such acceptance."

(4) Under the heading "Additional Provisions,"
in paragraph (a), it is provided that coverage shall
not extend to disabilities caused by certain named
diseases and that

"Disability resulting from tuberculosis or heart trouble shall be covered only if the disease originates after the policy has been in continuous force for the six (6) preceding months."

(5) And under paragraph (d) of Additional Provisions it is provided that

" . . . this policy is issued in consideration of the statements made by the Insured in the application and the payment in advance of Twenty ($20.00) Dollars as first payment; and the payment in advance, and acceptance by the Association, of premiums of Fifteen ($15.00) Dollars Quarterly thereafter, beginning with July 1, 1936, is required to keep this policy in continuous effect. . . . "

The defendant contends that on March 28, 1938, the date it was discovered, the insured was afflicted with tuberculosis, she was not insured because the policy had not at that time been in continuous force for the six months preceding March 28th. In that connection it is argued, as we understand it, that the word "disease" as used in (No. 2, *supra*), has reference to coverage of diseases other than tuberculosis and heart trouble. It is said these latter diseases are by the terms of the policy (No. 4, *supra*) in a class to themselves, and are not covered if they originate before the policy has been in continuous force for the six preceding months, whereas diseases covered by No. 2 must originate more than thirty days after the effective date of the policy.

We think this is a proper construction of the contract. The policy we have here was so construed in *Mutual Benefit Health & Accident Assn.* v. *Moore,* 196 Ark. 667, 119 S. W. (2d) 499, and *Hertz* v. *Mutual Benefit Health & Accident Assn.,* 281 Mich. 147, 274 N. W. 743. Defendant relies upon these two cases as decisive of the question in its favor, and it would be right if the facts and the statutory law were

the same. In neither of these cases had the policy been issued, including lapses, for a period of six months before the disease originated and, under the terms of the policy, such disease was not covered. Because no coverage existed, the court reasoned, before default there was none after reinstatement.

Here the insured did not default in the payment of premiums for a whole year. She was therefore insured against tuberculosis. The requirement of the policy that it should be kept in continuous force by the payment of the premiums when due for the six months before the origin of the sickness was doubly performed. Indeed, the policy had been in force for two full years, except for very short lapses, before the origin of the disease. Whether this difference in the fact situation takes the plaintiff's case out of the rule in the Moore and Hertz cases, it is not necessary that we decide. We simply suggest that since in those cases there never was any coverage of tuberculosis or heart trouble, while here admittedly there was, the construction of the contract perhaps ought to be different.

We have a statute that seems to settle the question in favor of plaintiff. Section 1851, Revised Code of 1928, prohibits the issuance and delivery of a health and accident policy unless it contains, in substance, the following provision:

"§ 1851. Health and accident policy; form to be filed; mandatory provisions. . . .

"4. If a past due premium be accepted by the company, or a branch office, or by an authorized agent of the company, in the city, town or county in which the insured reside, such acceptance shall reinstate the policy in full as to disability resulting from accidental bodily injuries thereafter sustained, but not prior to noon, mountain time, of the day following the date of such actual payment of the premium, but shall only reinstate the policy as to disability

from disease beginning more than ten days after the date of such acceptance.''

■■  The legislature, we think, had the plenary power to prescribe the effect of the acceptance of past-due premiums upon a policy issued thereafter. The defendant issued its policy knowing the law and is presumed to have given full consent thereto. We will not indulge the presumption that defendant, in issuing its policy, was trying to evade the law but, rather, to observe it.

■  According to the above statutory provision, the policy was reinstated

''in full . . . as to disability from disease beginning more than ten days after the date of such acceptance.''

The last reinstatement was on March 14, 1938, and the insured contracted pulmonary tuberculosis on March 28, 1938, some fourteen days after the policy was reinstated.

The judgment of the lower court should be affirmed, and it is so ordered.

LOCKWOOD and McALISTER, JJ., concur.