[Civ. No. 17577.   First Dist., Div. One.   Apr. 4, 1958.]

LONGINO ROLLO, Appellant, v. CALIFORNIA STATE AUTOMOBILE ASSOCIATION et al., Defendants; TRUCK INSURANCE EXCHANGE (an Interinsurance Exchange), Respondent.

Hoberg & Finger and Lucy C. Cannarozzi for Appellant.

Clark, Heafey & Martin for Respondent.

PETERS, P. J.—On May 26, 1952, Norman, Lawrence and Charles Nurrisso were a partnership doing business as the Broadway Plumbing Company. Appellant, Longino Rollo, and one Valentino Vanelli, were, on that date, employees of Broadway Plumbing Company, and both were acting in the course and scope of their employment during all of the events here involved. Vanelli was driving Broadway's automobile and Rollo was riding in the car as a passenger. Vanelli drove negligently, an accident ensued, and Rollo was injured. Rollo received compensation benefits from the workmen's compensation insurance carrier of Broadway. Subsequently, Rollo sued Vanelli and recovered a $25,000 judgment against him, which is final, and which is unsatisfied.

On May 26, 1952, the date of the accident, Broadway had a liability policy issued by the respondent, Truck Insurance Exchange. This policy admittedly covered the operation and use of the automobile here involved. An omnibus clause extended coverage to anyone driving the car with the permission and consent of Broadway, but specifically excluded as an additional insured, a fellow employee of the injured employee of the same employer, injured in the course of his employment while the automobile was being operated in the business of the employer. The policy also excluded coverage for bodily injury suffered by an employee of the assured while engaged in the employ of the assured, and it further excluded coverage where benefits were payable under a workmen's compensation law to the injured employee, or where the employer could be held liable under a workmen's compensation law.

Appellant brought this action against the Truck Insurance Exchange on the policy issued to Broadway, claiming that the policy covered Vanelli as an additional insured, and that the insurance company is therefore liable for the amount of the judgment secured against Vanelli. The trial court found that Vanelli was not an insured within the meaning of the policy, and that under the exclusions here involved bodily injury to appellant was not a risk covered, but, in fact, specifically excluded from coverage. The court also held that the exclusions in the policy were not contrary to the public policy of California as expressed in the financial responsibility laws, nor are they inconsistent or contrary to the provisions of Vehicle Code, section 415. Thus, the Truck Insurance Exchange was held not to be liable to appellant on its policy. Judgment was entered accordingly. Rollo appeals.

■ The first contention of appellant is that Vanelli was an

"insured" within the meaning of the policy, and that the injury to appellant was one of the risks covered. Appellant correctly points out that appellant was not an employee of Vanelli and was not, therefore, an "employee of the insured" referred to in the exclusions provisions.

There can be no doubt that Vanelli, as to certain risks, was an insured within the meaning of the policy. Clause III of the policy defines "Insured," in part, as follows: "The unqualified word 'insured' includes the named insured and also includes (1) under coverages A and B any partner, executive officer, . . . and (2) under coverages A and B, any person while using an owned automobile . . . , provided the actual use of the automobile is by the named insured or with his permission." Vanelli was, of course, using the automobile with the permission of the named insured, Broadway Plumbing Company. He was, therefore, an "insured" within the meaning of the above clause. But the same clause then continues as follows:

"The insurance with respect to any person or organization other than the named insured does not apply under division (2) of this insuring agreement: . . .

"(c) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer; . . .

"Exclusions

"This policy does not apply: . . .

"(d) under coverage A, except with respect to liability assumed under contract covered by this policy, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment of the insured, other than a domestic employee for whose injury benefits are not payable or required to be provided under any workmen's compensation law; or to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law."

It is quite apparent that, under these provisions, and particularly under "(c)" *supra*, the policy expressly excludes the very risk here involved. It is there expressly provided that the policy should not include as an insured one using the car with the permission of the owner (Vanelli) for injury to another employee (Rollo) of the same employer (the named

insured, Broadway) who is injured by the use of the automobile in the business of the employer while such employee (Rollo) is in the course of such employment. This language is too clear to require interpretation. It clearly provides that it was not the intent of the insurance company or of Broadway to provide coverage for an employee of Broadway who injures another employee of Broadway when both are within the course of their employment.

Appellant relies on the case of *Pleasant Valley etc. Assn.* v. *Cal-Farm Ins. Co.*, 142 Cal.App.2d 126 [298 P.2d 109]. In that case one Nungaray, employed by Brucker, was injured by a vehicle belonging to his employer while that vehicle was being used by one Croker, an employee of Pleasant Valley. Nungaray sued Croker and Pleasant Valley. The latter sought declaratory relief to compel Cal-Farm, Brucker's liability carrier, to assume liability. The court decided that the policy issued to Brucker covered Pleasant Valley and Croker for the injury to Nungaray. The policy there excluded liability for bodily injury to ''any employee of the insured.'' (P. 129.) The court properly held that, since Croker and Pleasant Valley were additional insured entities within the terms of policy, and, since neither was the employer of Nungaray, the exclusion had no application.

But the policy involved in that case did not involve a clause comparable to '' (c) '' above quoted. If it were not for clause '' (c),'' *supra*, the rule of the Pleasant Valley case would require us to hold that since Rollo was not the employee of Vanelli, both being employees of Broadway, and since Vanelli is an insured within the meaning of the clause first above quoted, the policy of respondent covered Vanelli even though Broadway, the named insured, was not liable. But the policy here involved does contain clause '' (c).'' That clause clearly and without ambiguity excludes this very risk.

▇▇▇ At the oral argument appellant conceded that the Pleasant Valley case was distinguishable from the instant case and placed his reliance for a reversal on the claim that, admitting the policy expressly excludes liability in cases like the instant one, such exclusions are invalid because they contravene the provisions or the intent of the so-called financial responsibility laws of California. This contention is predicated on the premise that Vanelli was an additional assured under the policy in question and upon the argument that the attempt to exclude his liability when he injured another employee is necessarily in violation of the financial responsibility laws.

Respondent replies that the exclusion here involved applies only to an employee of the named insured who injures another employee and the employer is liable to the injured employee for compensation benefits. In other words, under the omnibus clause Vanelli was an additional insured as to the whole world, except that, under clause ''(c)'' above quoted, there was excepted from the whole world an injured fellow employee injured by Vanelli when both were acting in the course of their employment with the named insured. The named insured, Broadway, of course, paid for the liability policy that made Vanelli an additional insured with this one exception. Broadway also paid for the compensation policy that covered the injured employee. The exception involved simply excluded liability where the employer also was liable under the compensation laws. Thus, the exclusion simply provided that the employer was not required to pay for two policies to cover the same injury. This would not seem to violate the spirit or intent of the financial responsibility laws.

Appellant makes a most involved argument in reference to these laws. He places considerable reliance on the unpaid judgment provisions of the act—sections 410 to 418.5 of the Vehicle Code. These sections provide that where there is an unpaid judgment for personal injuries, the license of the owner of the vehicle will be suspended unless he files an affidavit stating that he was insured on the date of the accident. Appellant urges that unless Broadway files such an affidavit, including an averment that Vanelli was covered, Broadway must suffer a suspension of its registration privileges. But it will be noted that no judgment has been secured against Broadway. A reading of the sections clearly indicates that an unsatisfied judgment against the person or company whose registration privileges are involved is a condition precedent to suspension of the registration privileges. The case of *Continental Cas. Co.* v. *Phoenix Const. Co.*, 46 Cal.2d 423 [296 P.2d 801], cited by appellant, does not hold to the contrary, because in that case the injured person had an unpaid judgment against both the employer and the negligent employee. Thus, these sections in no way affect the validity of the exclusion here involved.

Appellant next calls attention to Vehicle Code, section 420. That section, among other things, provides that where an employee is driving his employer's automobile with consent, and has an accident, the employer, unless insured, must deposit security sufficient to satisfy the expected judgment. It is

argued that unless Broadway was protected by its liability policy, it is required to post the security required by the section. But, obviously, the section has no application where the named insured could not be held liable for the negligence of the driver, and where no judgment has or can be secured against such employer because of the provisions of the workmen's compensation acts.

Appellant refers to several cases in which the courts have referred to the financial responsibility laws as a reason for interpreting a policy as covering a particular risk. Thus, in *Oil Base, Inc.* v. *Transport Indem. Co.*, 143 Cal.App.2d 453 [299 P.2d 952], it was held that one Scherer, as agent of a company, was covered by a policy which while it did not contain an omnibus clause did contain a reference to coverage under the financial responsibility laws. The court cited and relied upon *Continental Cas. Co.* v. *Phoenix Const. Co.*, 46 Cal.2d 423 [296 P.2d 801]. In that case the employer had a policy with Transport Indemnity Company. The policy contained no omnibus clause, but did provide coverage as an insured to any managing employee of the named insured. Mason, a truck driver, was negligent. The court first held that Mason was a managing employee of the named insured and so an insured under the policy. As an alternative ground it also held that Mason was covered because under the financial responsibility laws the employer was required to cover all drivers operating the truck for the employer.

In *Wildman* v. *Government Emp. Ins. Co.*, 48 Cal.2d 31 [307 P.2d 359], the Supreme Court properly held that an automobile insurance company cannot limit its coverage by excluding coverage when the automobile is used by someone other than the insured with the insured's permission in view of the financial responsibility laws. The court, in this connection, stated (p. 39):

"It appears that section 415 must be made a part of every policy of insurance issued by an insurer since the public policy of this state is to make owners of motor vehicles financially responsible to those injured by them in the operation of such vehicles. Section 402 of the Vehicle Code provides that 'Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be im-

puted to the owner for all purposes of civil damages.' We are of the opinion that for an insurer to issue a policy of insurance which does not cover an accident which occurs when a person, other than the insured, is driving with the permission and consent of the insured is a violation of the public policy of this state as set forth in sections 402 and 415 of the Vehicle Code.''

Respondent has no quarrel with these cases. They apply only where the employer is liable in a negligence action for the negligence of the employee driving the car. In the instant case the exclusions of the policy present no conflict at all with the financial responsibility laws. That is so because such responsibility statutes do not require, expressly or impliedly, that the employer must have a liability policy covering injuries for which the employer is liable, and only liable, under the workmen's compensation laws.

Section 3600 of the Labor Code provides the conditions under which compensation benefits are payable. The injury to Rollo is included within this section, and, in fact, Rollo has recovered compensation benefits under it. Section 3601 of the Labor Code provides: ''Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in section 3706, the exclusive remedy against the employer for the injury or death.'' Section 415 of the Vehicle Code, a key section of the financial responsibility laws, provides, in part: ''Any liability policy issued hereunder need not cover any liability for injury to the assured or any liability of the assured assumed by or imposed upon said assured under any workmen's compensation law nor any liability for damage to property in charge of the assured or the assured's employees or agents.''

Thus, both the workmen's compensation law and the financial responsibility law eliminate liability of an employer to an injured employee while acting in the course of his employment other than liability under workmen's compensation statutes. Thus, appellant's position that the exclusions are contrary to the financial responsibility law are untenable.* The parties intended to exclude coverage in the situation here presented

---

*This is the rule of the only other state where the precise question has arisen. In *Arceneaux* v. *London Guarantee & Acc. Co.*, (La.App.) 87 So.2d 343, the policy exclusions were identical with the instant exclusions. The factual situation was identical with that in the instant case. The court held that the exclusions applied and were not contrary to the public policy or laws of Louisiana.

and such exclusions are not contrary to the financial responsibility law or to the public policy of this state.

The judgment is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied May 2, 1958, and appellant's petition for a hearing by the Supreme Court was denied May 27, 1958. Carter, J., was of the opinion that the petition should be granted.

[Civ. No. 17578. First Dist., Div. Two. Apr. 7, 1958.]

ELLENA SHACHUNAZARIAN, Appellant, v. BERTHA I. WIDMER, Respondent.

§

Hoberg & Finger and Albert Polonsky for Appellant.

Pelton, Gunther, Durney & Gudmundson for Respondent.

DRAPER, J.—Plaintiff stood on the south curb of Geary Street in San Francisco, awaiting an eastbound streetcar. She was opposite the western end of the safety zone marked for streetcar passengers, and an appreciable distance west of the Parker Avenue crosswalk. Defendant had parked her car parallel to the curb on the same side of Geary Street and sat in the car awaiting a friend. Upon the friend's arrival, defendant started the car and backed up, striking plaintiff, who had left the curb to walk to the safety zone. Plaintiff brought this action for damages for personal injuries thus sustained, and appeals from judgment upon jury verdict for defendant.

Appellant urges that the court erred in reading to the jury section 77 of the San Francisco Traffic Code:

"Unless otherwise directed by a police officer, no pedestrian in the metropolitan traffic district or in any business district shall cross a roadway other than in a crosswalk."

and in instructing the jury that violation of this ordinance raises a rebuttable presumption of negligence. The ordinance is properly within the field of municipal regulation. (Veh.

Code, § 459.1.) Upon the record here, however, the instruction was error. The ordinance, by its terms, applies only in the metropolitan traffic district or a business district. The portions of the ordinance defining such districts were not before the court. ■ We cannot take judicial notice of city ordinances. (*Simpson* v. *City of Los Angeles,* 40 Cal.2d 271 [253 P.2d 464].) Thus we cannot determine whether the location here in question was within such a district. Respondent suggests that the definitions of the Vehicle Code (§§ 89, 90.1) apply. If they are incorporated in the ordinance, the evidence is insufficient to show whether the area in question constitutes a business district as there defined.