53 N.J. Super. 165 (1958)
146 A.2d 782
CHARLES CUTONE, PLAINTIFF-APPELLANT,
v.
MASSACHUSETTS BONDING & INSURANCE COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 8, 1958.
Decided December 16, 1958.
*166 Before Judges PRICE, SCHETTINO and HALL.
Mr. Louis J. Greenberg argued the cause for plaintiff-appellant (Mr. Samuel M. Cole, attorney).
Mr. Peter W. Mitchell argued the cause for defendant-respondent (Mr. Paul J. O'Neill, attorney).
The opinion of the court was delivered by HALL, J.A.D.
Summary judgment was granted to defendant and denied to plaintiff in the Law Division. The latter's appeal comes before us on an agreed statement in lieu of the record (R.R. 1:6-2) from which it appears that concededly there was no genuine issue as to any material fact and the question involved was solely one of law.
Plaintiff and Albie Nunez were both employees of Abco Vending Service, Inc., to which defendant had issued an automobile liability insurance policy wherein that corporation was the "named insured." While the policy was in effect, plaintiff was injured at his employer's place of business by a vehicle owned by the employer and operated by Nunez. Both men were engaged in their employment at the time. The accident arose out of and in the course of plaintiff's employment and out of the use of the automobile in the business of the employer. Plaintiff sued Nunez at law for his injuries and obtained a jury verdict for $5,000. The action was defended by defendant under a reservation of rights. Execution on the judgment was returned unsatisfied. Plaintiff also filed a petition for workmen's compensation against Abco and received an award for temporary and permanent disability which was considerably less than the judgment against Nunez. Defendant was also the compensation carrier.
*167 Prior to the compensation award plaintiff instituted the instant action on the policy to recover the amount of his judgment at law, claiming that Nunez was an "additional insured" covered by it under a paragraph thereof entitled "Definition of Insured," commonly referred to as the "omnibus clause." Defendant contended that other provisions of the same paragraph and other clauses of the contract precluded or excluded coverage in this factual situation. The summary judgment in favor of the insurer resulted from the trial court's agreement with its contention.
The policy provisions involved are as follows:
"III. Definition of Insured: With respect to the insurance for bodily injury liability and for property damage liability the unqualified word `insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. The insurance with respect to any person or organization other than the named insured does not apply:

* * * * * * * *
(b) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer.

EXCLUSIONS
This policy does not apply:

* * * * * * * *
(d) under coverages A and C, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law;
(e) under coverage A, to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law;

* * * * * * * *"
Nunez is clearly an "additional insured" entitled to the protection of the policy by reason of the first sentence of paragraph III, because the actual use of the automobile at the time of the accident was in the course of Nunez's employment and therefore with the permission of the "named *168 insured," unless such coverage does not apply by virtue of any of the subsequent restrictive provisions quoted above.
Subparagraphs (d) and (e) exclude coverage with respect to injuries to any employee of "the insured" while engaged in the employment or to any obligation for which "the insured" may be held liable in workmen's compensation. Plaintiff urges that Nunez, as the additional insured, and not Abco, the named insured, is the person intended and encompassed by the phrase "the insured" in these exclusionary clauses and that they are therefore inapplicable for Nunez is not his employer and has no compensation obligation to him. He relies on Maryland Casualty Company v. New Jersey Manufacturers (Casualty) Insurance Co., 48 N.J. Super. 314 (App. Div. 1958), affirmed per curiam 28 N.J. 17 (1958), since the entry of the instant judgment and the filing of the briefs on this appeal. In that case this court held that reference to "the insured" in identical exclusion clauses "applies only to the particular insured, whether the named insured or an additional insured under the omnibus clause, whose employee is suing him on account of the injury in question notwithstanding that the injury was compensable through workmen's compensation payments" and "the exclusionary language of the policy should be restricted in its application to the particular insured seeking the protection of the policy under the facts of each case as it arises." 48 N.J. Super. at page 324. There the persons sued for the injuries were third persons with whom the injured party had no relation and not, as here, a fellow employee of the named insured. It is not necessary, however, to determine whether the broad holdings quoted and the rationale thereof are applicable to the present factual situation so as also to render subparagraphs (d) and (e) of no pertinency here, because this case is controlled by subparagraph (b).
That subparagraph in effect says that the insurance contract does not give protection to an employee of the named insured in case of injury to a fellow employee occurring in the course of the employment as a result of an accident *169 arising out of the maintenance or use of the vehicle in the employer's business. The language is plain and no ambiguity can arise, as does with respect to subparagraphs (d) and (e), since the unqualified words "the insured" are not used. It clearly precluded coverage to Nunez, and so benefit to plaintiff, in the situation at bar. Though the policy in the Maryland Casualty case contained an identical provision, it had no application under the facts there present and was not mentioned in this court's opinion. Comment was made on it, however, in the Supreme Court's per curiam affirmance (apparently for the first time in this State) and that comment demonstrates its controlling applicability in the instant case. Plaintiff's counsel in effect so conceded at oral argument.
The judgment is affirmed, but without costs.