360 P.2d 1030

**NATIONAL LIFE & CASUALTY INSURANCE COMPANY, an insurance corporation, Appellant,**

v.

**Lester P. BLANKENBILLER, Appellee.**

No. 6686.

Supreme Court of Arizona.

April 6, 1961.

Rehearing Denied May 2, 1961.

Lewis, Roca, Scoville, Beauchamp & Linton, and John P. Frank, Phoenix, for appellant.

McRae, Elliott & Thompson, Phoenix, for appellee.

JENNINGS, Justice.

This is an appeal from a judgment of the superior court of Maricopa County entered April 24, 1958.

Appellee (hereinafter called plaintiff) brought suit to recover the face amount of a contract of life insurance issued by appellant (hereinafter called defendant), the National Life & Casualty Insurance Company. Plaintiff's policy is what is defined in the Arizona Code as a "Benefit certificate", Section 61–1002, A.C.A.1939, 1952 Supp. It was issued August 14, 1951, without a medical examination on the basis of a written application. The policy lapsed March, 1953, and was reinstated May, 1953, on the basis of a further application. This application alleged that the insured was in good and vigorous health and free from disease, ailment or disability. The insured died April 13, 1955. She had suffered from hypertension and uremia since 1951, as well as chronic nephritis, and cardiovascular and renal disease, which the deceased and the plaintiff (husband of deceased) well knew. The action was filed after claim had been rejected by the company which tendered back premiums to the beneficiary. The plaintiff refused to accept.

The trial judge ruled that the defenses upon the policy were barred by the incontestability clause, the two-year period having run from the date of reinstatement of the policy. The defendant contends that the incontestability clause does not bar an insurance company from restricting coverage to subsequently acquired diseases. With this contention we cannot agree. The controlling Arizona statute is as follows:

Section 61–1017, A.C.A.1939, 1952 Supp. "Benefit certificate requirements.—

"(a) Each benefit certificate shall provide that:

\*      \*      \*      \*      \*      \*

"3. The certificate, including any written amendment thereto, and, at the option of the corporation, the application therefor when attached to the policy at the time of issuance, constitute the entire contract between the parties and is incontestable after two [2] years from the date of issuance or two [2] years from the date of last reinstatement, except for non-payment of premiums or assessments."

The statute is plain and unambiguous. Nonpayment of premiums or assessments constitutes the only exception to incontestability. This Court is not authorized to read into the statute any other exceptions.

The Incontestability Clause in the policy is contained in one sentence under the heading 'Incontestability' and reads as follows:

"Incontestability: This Policy shall be incontestable after it has been in force during the lifetime of the Insured for a period of two years from its date of issue or date of last reinstatement except for nonpayment of premiums; provided, however, that if the death or disability of the Insured results directly or indirectly or is contributed to wholly or in part from any disease or disability which existed prior to the issuance of this Policy, then the amount payable hereunder on account of such death or disability shall be limited to the amount of premiums paid hereunder on account of such Insured."

The portions of this sentence which disagree with the statute are:

(1) "during the lifetime of the insured,"

(2) "death or disability resulting directly, indirectly or contributed wholly or in part to any disease or disability which existed prior to the issuance of the policy."

Thus the issue to be resolved could be phrased: Is the Incontestability Clause in the "Benefit certificate" containing other and different grounds for contest than those set forth in the statute above valid or enforceable as to said other and different grounds?

A statute of this nature dealing with a specific type of insurance coverage must be read into the policy in the precise manner in which it is written. This being the case, is there a conflict with the policy incontestability clause? If there is, the statute should govern. The weight of authority is to the effect that inconsistent provisions written into a policy yield to the statute. There can be no waiver of a statutory condition. Foster v. Washington National Insurance Company, 118 N.J.L. 228, 192 A. 59, and see 17 A.L.R. at p. 1057, 119 A.L.R. 1274. If there is not, the language of the policy should control.

The defendant contended that while an insurance company may not challenge the validity of a policy after the expiration of the appointed period, it is perfectly free to limit the coverage of a policy. In connection with this defendant cited Williston, Contracts, Sec. 811, p. 2280, to wit:

"In determining whether the incontestable clause is applicable to a given situation a distinction should be noted between matters of defense going to

the invalidity of the whole policy on the one hand, and on the other hand provisions relating to excepted risks. * * *"

This Court recognizes that the incontestability clause relates to the validity of the contract, and does not deny the company the right to controvert the amount of its liability. New York Life Ins. Co. v. Bennion, 10 Cir., 158 F.2d 260, 265.

■ The nearly unanimous decisions of the courts are to the effect that the company is given, under the incontestability clause, a reasonable period of time to check into and to ascertain the truth of the declarations made by the applicant and to take such action as will protect its rights. If it fails to do so then this defense is barred. New York Life Insurance Co. v. Hurt, 8 Cir., 35 F.2d 92; Service Life Insurance Co. v. Weinberg, 7 Cir., 81 F.2d 359; Horwitz v. New York Life Insurance Co., 9 Cir., 80 F.2d 295; Apter v. Home Life Insurance Company of New York, 266 N.Y. 333, 194 N.E. 846, 98 A.L.R. 1281.

By alleging that the death resulted from a prior illness and that necessarily the statements made on the application are false, the defendant raised the issue of fraud over two years after the last reinstatement contrary to the incontestability statute. In the instant case the defendant had several years in which to ascertain these facts.

■ The majority rule is that every exception to incontestability not expressed in the statute itself is specifically barred as a defense to the policy after the expiration of the incontestability period. Dorman v. John Hancock Mutual Life Insurance Company, D.C., 25 F.Supp. 889, affirmed 9 Cir., 108 F.2d 220; 31 A.L.R. 993. The insurer cannot therefore make the incontestability clause more onerous to the insured than the statute provides or include exceptions to incontestability other than those permitted by the statute.

The courts have gone further and stated that the defense of no obligation assumed because of the insured's health being unsound on the date of the issuance of the policy is barred by the incontestability clause. Riley v. Industrial Life & Health Insurance Co., 190 Ga. 891, 11 S.E.2d 20; Atlanta Life Insurance Co. v. Cormier, 126 Tex. 179, 85 S.W.2d 1045 answering certified question Tex.Civ.App., 88 S.W.2d 511; Independent Life Insurance Co. v. Carroll, 222 Ala. 34, 130 So. 402.

■ The cases are clear that when a conflict exists between the provisions of the statute and those of the policy, the statute will control. Therefore, the inconsistent provisions written into this policy must yield to the statute and the conflict is resolved in favor of the insured. The court below did not err in ruling that the defenses upon said policy are barred by the incon-

testability clause, the two-year period having run from the date of reinstatement of said policy.

Judgment affirmed.

STRUCKMEYER, C. J., and UDALL and LOCKWOOD, JJ., concur.

BERNSTEIN, V. C. J., did not participate in the determination of this appeal.