HARTFORD ACCIDENT AND INDEMNITY COMPANY *v.*
J. ROMANELLA AND SONS, INC., ET AL.

SUPERIOR COURT      NEW LONDON COUNTY      FILE NO. 29323

Memorandum filed August 24, 1965

*Lewis, Shields & Fitzgerald,* of Norwich, for the plaintiff.

*Brown, Jewett & Driscoll,* of Norwich, for defendant Mary L. Acolina.

*Robert R. Rakosky,* of New London, for defendant Robert Parcells.

LONGO, J. The instant action for a declaratory judgment arose as a result of a garage liability insurance policy issued by the plaintiff to the defendant Santin Chevrolet Company, Inc., wherein the plaintiff agreed to pay on behalf of an insured, as defined in the policy, all sums which the insured should be legally obligated to pay as damages because of bodily injury, sickness or disease, including death, sustained by any person, caused by an accident and arising out of hazards defined in the policy. In addition, the plaintiff agreed to defend any suit against any such insured.

On October 17, 1961, the defendants Parcells and Acolina were employed by the defendant Santin Chevrolet Company. While in the course of their employment, they were involved in an accident with a truck owned by the defendant J. Romanella and Sons, Inc., and operated by the defendant James H. Smith. As a result of the accident, Acolina, who was riding as a passenger in the truck driven by his fellow employee Parcells, was killed.

Thereafter, Acolina's administratrix instituted an action against all defendants, and said action is pending in the Superior Court in and for New London County. On February 19, 1963, the plaintiff, Hartford Accident and Indemnity Company, commenced the instant action, requesting a declaratory judgment construing the provisions of the policy of insurance and determining (1) that the plaintiff was not obligated to assume the defense of the suit on behalf of the defendant Robert E. Parcells, and (2) that the plaintiff was not liable under the policy to satisfy any judgment and costs in the original action.

The defendants have joined issue by answer, and the plaintiff has moved for summary judgment, claiming, on the basis of affidavits and other documentary proof, that there is no genuine issue as to any material fact in the complaint. At the hearing on the motion, the defendants Mary L. Acolina, administratrix, and Robert E. Parcells appeared by counsel, admitted there was no issue of fact and indicated that they had no objection to the entry of a summary judgment. The defendants J. Romanella and Sons, Inc., and James H. Smith opposed the plaintiff's motion for summary judgment on the ground that the case is not a proper one for the declaratory judgment procedure and therefore the plaintiff should be left to its other legal remedies.

Practice Book § 309 (c). Said defendants cite the case of *Shelby Mutual Ins. Co.* v. *Williams,* 152 Conn. 178, as support for this claim. The court is of the opinion that the *Shelby* case does not prohibit the entry of a declaratory judgment based on a factual situation similar to that presented here.

The original negligence action does not adjudicate the issue involved in the declaratory action and does not afford a remedy as effective and convenient as the request for a declaratory judgment. The court is of the opinion that all of the conditions of § 309 of the Practice Book, as applicable, are met, and the remedy accorded to the plaintiff by way of defending itself in an action for breach of contract by Parcells for refusal to defend upon the entry of judgment under the facts in this case should not be a bar to this action.

Turning to the plaintiff's motion for summary judgment, the policy defined an "insured," in addition to the named insured, Santin Chevrolet Company, Inc., as (1) "any partner, employee, director or stockholder thereof while acting within the scope of his duties as such, and any person or organization having a financial interest in the business of the named insured covered by this policy," and (2) "any person while using an automobile covered by this policy and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission." The policy, in defining an "insured," further provided that the same did not apply "(a) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the business of such employer." The defendants J. Romanella and Sons, Inc., and James H. Smith, in their

answer, have not admitted that Parcells was an employee of the defendant Santin Chevrolet Company and acting in the course of his employment, and that the accident arose out of the business of the employer, but have pleaded insufficient knowledge or information.

A party is entitled to relief by summary judgment when the facts set forth in affidavits show that there is no real issue of material fact to be tried. *Rathkopf* v. *Pearson,* 148 Conn. 260, 263. Section 298 of the Practice Book provides as follows: "In any action, except actions for divorce, legal separation or annulment, after an answer has been filed, any party may move for a summary judgment. . . ." In the opinion of the court, there appears to be no rule or logical reason excluding declaratory judgment actions from the scope of the remedy of summary judgment. In the federal District Courts, a party seeking to obtain a declaratory judgment may at any time, after the pleading and answer thereto has been served, move with or without supporting affidavits for summary judgment in his favor upon all or any part of his claim. 16 Am. Jur. 340, Declaratory Judgments, § 74. From an examination of the record, the plaintiff's motion for summary judgment and supporting affidavits, the court is satisfied that no genuine issue of fact exists as to the exclusion of the defendant, Robert E. Parcells, as an insured under the policy. The defendants have filed no counter affidavits.

The plaintiff's motion for summary judgment is granted.

Therefore, it is hereby adjudged (1) that the plaintiff is not obligated to assume the defense of Robert E. Parcells in the matter of Mary L. Acolina, Administratrix (Estate of Charles Acolina), Superior Court, New London County, No. 2894, and

(2) that the plaintiff is not liable under its policy of insurance issued to Santin Chevrolet Company, Inc., to satisfy or pay any judgment which may be rendered against Robert E. Parcells in said action within the limits of liability of its policy and any interest thereon after rendition of judgment, and any costs which may be recovered thereon. No costs to be assessed.