465 P.2d 596

**Jose LIMON, Appellant,**

**v.**

**FARMERS INSURANCE EXCHANGE, Appellee.**

**No. 1 CA-CIV 825.**

Court of Appeals of Arizona,
Division 1,
Department B.
March 2, 1970.

[redacted]

**460**

Mesch, Marquez & Rothschild, by Alfred C. Marquez, Tucson, and Hirsch, Van Slyke & Ollason, by Lawrence Ollason, Tucson, for appellant.

Chandler, Tullar, Udall & Richmond, by D. B. Udall, Tucson, for appellee.

HAIRE, Judge.

This appeal concerns the validity of a provision in an employer's motor vehicle liability policy which excludes coverage for injuries to one employee caused by the negligent driving by another employee of one of the employer's insured motor vehicles.

The appeal is from a declaratory judgment which held that the exclusion was valid under Arizona law. The pertinent facts are as follows:

Farmers Insurance Exchange had issued its motor vehicle liability policy covering all vehicles owned by a partnership doing business in the vicinity of Yuma, Arizona. Jose Limon, the injured employee, was a passenger in an automobile owned by the partnership and driven by another employee of the partnership. He was injured in a collision between this automobile and another automobile, also owned by the partnership and driven by a third employee of the partnership. All employees involved, including Limon, were acting in the scope and course of their employment.. Limon applied for and was awarded compensation under the Workmen's Compensation Insurance Policy issued to the partnership. He then instituted a negligence action in the Yuma County Superior Court against his fellow employees, the drivers of the two vehicles involved.[1]

After the filing of the negligence action by Limon, Farmers Insurance Exchange filed a declaratory judgment action to determine whether or not it had any policy liability for the injuries which Limon received in the accident. As previously indicated herein, the trial court entered its judgment declaring that the policy exclusions were valid and that the insurer had no liability concerning those injuries.

The validity of the trial court's conclusions depends upon whether or not the policy provisions here involved properly construed do exclude this coverage, and if such coverage is excluded by the language of the policy, whether or not the Arizona statutes prohibit such policy provisions.

---

1. Notwithstanding the provisions of the Arizona Workmen's Compensation Act, such an action may be maintained. See·

Kilpatrick v. Superior Court, 105 Ariz. 413, 466 P.2d 18 (filed February 27, 1970).

There are certain general principles well established in Arizona law which must be considered in determining these questions. First and foremost, it must be kept in mind that an insurance policy is a contract, and generally, just as in any other contract action, the terms of the policy govern in an action thereon. Dairyland Mutual Insurance Co. v. Andersen, 102 Ariz. 515, 433 P.2d 963 (1967); Equitable Life Assurance Society of United States v. Pettid, 40 Ariz. 239, 11 P.2d 833 (1932); and Peterson v. Hudson Insurance Co., 41 Ariz. 31, 15 P.2d 249 (1932). However, it is equally well established that statutory provisions must be read into the policy and that in the event of any inconsistency between policy and statutory provisions, the statutory provisions will govern. National Life & Casualty Insurance Co. v. Blankenbiller, 89 Ariz. 253, 360 P.2d 1030 (1961); Weir v. Galbraith, 92 Ariz. 279, 376 P.2d 396 (1962); Mutual Benefit Health & Accident Association v. Ryan, 55 Ariz. 57, 96 P.2d 749 (1940); Scottish Union & National Insurance Co. v. Phoenix Title & Trust Co., 28 Ariz. 22, 235 P. 137 (1925); and Aetna Insurance Co. v. Itule, 25 Ariz. 446, 218 P. 990 (1923).

With these principles in mind, we must first examine the *policy* to determine whether or not its provisions make the insurer liable for the injuries to the employee Limon, which were caused by the negligence of his fellow employees.[2]

The rules of construction applicable in interpreting a contract of insurance in the absence of controlling statutory provisions are well summarized by Justice Lockwood in D.M.A.F.B. Federal Credit Union v. Employers Mutual Life Insurance Co., 96 Ariz. 399, 396 P.2d 20 (1964), as follows:

"The cardinal principle pertaining to the construction and interpretation of insurance contracts is that the intention of the parties should control. An insurance policy is a contract, and in an action based thereon the terms of the policy must govern. In construing an insurance contract, where there is any ambiguity, or more than one possible construction of the provisions thereof, it is to be construed most strongly against the insurer and in favor of the insured. But, where the provisions of the contract are plain and unambiguous upon their face, they must be applied as written, and the court will not pervert or do violence to the language used, or expand it beyond its plain and ordinary meaning or add something to the contract which the parties have not put there." (Citations omitted). (96 Ariz. at 402–403, 396 P.2d at 22).

Two of the policy provisions to be interpreted here are exclusions 24(4) and 25(5) which provide that the policy does not apply under:

"24(4) coverage A, [bodily injury liability] to any obligation for which the *insured* or any company as his insurer may be held liable under any workmen's compensation law, unemployment compensation law, disability benefits law, or any similar law; (Emphasis supplied).

"25(5) coverages A and G * * * to bodily injury to or sickness, disease or death of any employee of the *insured* arising out of and in the course of his employment by the insured * * *." (Emphasis supplied).

The appellant contends that these provisions are ambiguous because the word "insured" as used in these provisions could mean the named insured or some other insured such as an omnibus insured.[3] Here the injured appellant Limon is an employee of the named insured (the partnership) but, he is not an employee of the omnibus insureds, the employee drivers. Appellant claims that the failure of the parties to use the term "named insured" rather than "in-

---

2. Such negligence is assumed for the purposes of this opinion.

3. The term "omnibus insured" is used in this opinion to refer to those individuals who, although not named as insured in the policy, become insureds by reason of the provisions of A.R.S. Sec. 28–1170, subsec. B, par. 2, discussed in detail later in this opinion.

sured" creates an ambiguity which must be resolved against the insurer. The argument advanced by appellant has often been presented to the courts and they have reached varying decisions. See Annot., 50 A.L.R.2d 78, 97–99 (1956). The opposing contentions of counsel and conflicting results reached by the courts are well stated in 7 Am.Jur.2d Automobile Insurance Sec. 133 at 457–58 (1963), as follows:

"Who is 'insured' within exclusion; injury to fellow employee. Since most automobile liability policies contain omnibus clauses extending the coverage of the policy to anyone operating the insured vehicle with the named insured's permission, there is ordinarily more than one 'insured' under the policies, and where the person injured is an employee of one of the persons entitled to insurance protection, but not of the person for whose protection the policy is invoked, a question is presented whether he is an employee of the 'insured' within the exclusionary clause. In a number of cases, the exclusion has been construed strictly against the insurer with the result that an employee of an insured other than the insured who seeks protection has been held not to be within the language of such exclusion. In other cases, however, it has been held that if the injured party is an employee of any person who is insured under the policy, the exclusion is applicable, although he may not have been an employee of the person committing the tort. Thus, the exclusion has been held to apply where the policy contains an omnibus clause extending the protection of the policy to an employee of the named insured who was operating the motor vehicle as an additional insured, where suit is brought by a fellow-employee, who is clearly not an employee of the defendant." (Footnotes omitted).

In the case at hand the appellant argues that if Farmers had used the words "named insured" in these exclusionary clauses, no ambiguity would exist, and that in order to find that there is no coverage for the injuries to Limon, one must construe that the term "the insured" means "the named insured". It occurs to the Court that a different interpretation is possible and more consistent with all the provisions of the policy. This interpretation is that the unqualified use of the term "the insured" in these exclusionary provisions was intended to include both the named insured and any other insured. In fact, there is no ambiguity in this regard, since in the definition sections of the policy relating to coverages pertinent to this litigation, it is specifically provided that "the unqualified word 'insured' includes the named insured". Thus, without question under exclusion 25(5) there is no coverage for bodily injury to any employee of the name insured, and appellant Limon is such an employee. This clause clearly excludes from coverage under the policy such injuries regardless of whether the negligent party be the named insured or some other person made an insured by reason of statutory or policy omnibus provisions. We can see no reason to engage in semantic gymnastics in order to disregard the plain and unambiguous intent of the parties to this contract of insurance. In construing similar provisions, several courts have recognized that to hold as appellant urges would lead to the curious (if not absurd) result that the omnibus unnamed insured would have greater protection under the policy than the named insured who pays the premiums. Certainly if the contracting parties had intended such a result it would have been clearly stated. Pennsylvania Manufacturers' Association Insurance Co. v. Aetna Casualty & Surety Insurance Co., 426 Pa. 453, 233 A.2d 548 (1967); Continental Casualty Co. v. Pierce, 170 Miss. 67, 154 So. 279 (1934); and Birrenkott v. McManamay, 65 S.D. 581, 276 N.W. 725 (1937).

Another cogent argument against the construction urged by appellant is stated in Pennsylvania Manufacturers' Association

Insurance Co. v. Aetna Casualty & Insurance Co., *supra,* as follows:

"Appellee makes the compelling argument that * * * the named-insured, would not intend coverage for his employee in these circumstances. [The named insured] had already covered his employees with a workmen's compensation policy. It would be unreasonable for [him] to pay for duplicating coverage benefitting an unknown third person * * *." (233 A.2d at 551).

However, we need not base our determination of the intent of the parties to this policy entirely upon an interpretation of the exclusionary clauses quoted above. There is another policy provision which in itself is also clear and unambiguous and defeats the contentions of appellant. Sec. 18(C) (3) of the policy provides as follows:

"The insurance with respect to any person or organization other than the named insured or a member of his household does not apply * * *."

\* \* \* \* \* \*

"(3) to any employee with respect to injury to * * * another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer * * *."

This type of policy provision is commonly referred to as the "cross-employee" exclusion. Although as previously stated herein, there had been some conflict in court decisions interpreting provisions similar to sections 24(4) and 25(5), we are not aware of any decision which has found any ambiguity in a policy containing the above quoted "cross-employee" exclusion. Identical or almost identical policy exclusions have been considered and held valid in Cutone v. Massachusetts Bonding & Insurance Co., 53 N.J.Super. 165, 146 A.2d 782 (1958); Tri-State Casualty Ins. Co. v. Loper, 204 F.2d 557 (10th Cir. 1953); City of Albany v. Standard Accident Insurance Co., 7 N.Y.2d 422, 198 N.Y.S.2d 303, 165

N.E.2d 869 (1960); Robbins v. Liberty Mutual Insurance Co., 113 Ga.App. 393, 148 S.E.2d 172 (1966); Stirratt v. Kane, 273 Minn. 205, 140 N.W.2d 345 (1966); Hartford Accident & Idemnity Co. v. J. Romanella & Sons, Inc., 26 Conn.Sup. 93, 213 A.2d 532 (1965); Bryan v. Aetna Casualty & Surety Co., 381 F.2d 872 (8th Cir. 1967); Hanson v. Zollars, 189 Kan. 699, 371 P.2d 357 (1962); and Michaels v. United States Fidelity & Guaranty Co., 129 So.2d 427 (Fla.App.1961). We therefore hold that the parties to the contract of insurance clearly intended to exclude coverage for the injuries here involved.

The only question remaining is whether or not the statutes of this state pertaining to the financial responsibility of motor vehicle owners and operators, specifically A. R.S. Sec. 28–1170, prohibit the parties to the policy from contracting to exclude coverage for these injuries to appellant Limon. Subsection B of that statute reads, in part, as follows:

"B. The owner's policy of liability insurance must comply with the following requirements:

\* \* \* \* \* \*

"2. It shall insure the person named therein and any other person, as insured, using the motor vehicle or motor vehicles with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of the motor vehicle or motor vehicles * * *."

In compliance with the foregoing statutory requirement the policy here involved provided (in paragraph 18(C)) that as to the liability coverage for damage to persons and property, the word "insured" included, among others, "* * * any person while using an owned automobile * * * with [the named insured's] permission * * *." Even if the policy did not contain such a provision, it is the law of this state that A.R.S. Sec. 28–1170, subsec. B, par. 2, *supra,* (the so-called "omnibus" provision) is a part of each policy

of motor vehicle liability insurance issued. Generally, every such policy therefore insures a named insured and, whether it so states or not, any other person using the vehicle with the express or implied permission of the named insured. Jenkins v. Mayflower Insurance Exchange, 93 Ariz. 287, 380 P.2d 145 (1963); Dairyland Mutual Insurance Co. v. Andersen, *supra*; Universal Underwriters Insurance Co. v. Dairyland Mutual Insurance Co., 102 Ariz. 518, 433 P.2d 966 (1967); and Harleysville Mutual Insurance Co. v. Clayton, 103 Ariz. 296, 440 P.2d 916 (1968).

In considering appellant's contentions it is important to note that all of the above cited Arizona decisions dealing with A.R.S. Sec. 28–1170, subsec. B, par. 2 (the omnibus provision) have considered policy provisions which purport to exclude certain persons or groups of persons *as insureds* under the policy. None of these cases has considered a general policy provision which excludes from policy coverage liability for injuries to a certain individual or ,class of individuals, regardless of whether a named or omnibus *insured* is involved. In New York Underwriters Insurance Co. v. Superior Court, 104 Ariz. 544, 456 P.2d 914 (1969), the only Arizona decision which we have found involving the question of whether a general policy provision excluding coverage for injuries to a certain individual conflicts with the statutory omnibus provisions, the court was asked to decide whether or not a policy provision excluding coverage for bodily injuries *to the insured* was contrary to the statutory omnibus provision, and therefore illegal and void. The court held that the provision was valid, and that there was nothing in the statute which restricted the privilege of an individual to contract with his insurance carrier to exclude such coverage. It is not necessary in this case for this Court to go as far as the Arizona Supreme Court did in New York Underwriters Insurance Co. v. Superior Court, *supra,* and base our decision on a determination of the question of whether or not Sec. 28–1170, subsec. B, par. 2 impliedly restricts

the named insured from contracting for the exclusion of coverage for injuries to the class of individuals here involved, the employees of the insured. The reason is that these exclusions are specifically authorized by another subsection of the same statute. A.R.S. Sec. 28–1170, subsec. E reads as follows:

> "The motor vehicle liability policy need not insure liability under any workmen's compensation law nor liability on account of bodily injury to * * * an employee of the insured while engaged in the employment * * * of the insured, * * *"

We find this statutory authorization clear and unambiguous. While the word "insured" is not specifically defined in the statute, the context in which it is used throughout the various subsections makes it clear that the word "insured" certainly includes within its meaning the named insured, and thus authorizes a policy provision excluding coverage for injuries to the named insured's employees while engaged in his employment. The appellant urges that subsection E was intended to authorize policy provisions excluding coverage for injuries to employees only when the injured man is an employee of the particular insured who seeks to invoke the protection of the policy. This is the same argument which was advanced by appellant in attempting to persuade us that the policy provisions were ambiguous. We do not find the cases cited by appellant persuasive on this point, especially when applied to a question involving statutory rather than policy interpretation and when consideration is given to the context within which subsection E is found.

Because the validity of insurance policy exclusions is so dependent upon the wording of the particular state statutes involved, cases from other jurisdictions are of little or no assistance. However, it should be noted that appellant has brought to our attention only two instances in which a clause such as 18(C) (3) has been held void as contrary to a statutory omni-

bus provision. Both cases are easily distinguishable because of the requirements of the particular statutes involved. In Merchants Mutual Casualty Co. v. Tuttle, 98 N.H. 349, 101 A.2d 262 (1953), the statute allowed exclusion of coverage only for injury to the insured, or employees of the insured while actually operating the insured motor vehicle. Since the policy clause excluded all liability for injuries to an employee caused by a fellow employee, not just for injuries sustained when the injured employee was operating a motor vehicle, it was held to be in derogation of the statute. In Shanahan v. Midland Coach Lines, 268 Wis. 233, 67 N.W.2d 297 (1954), a statute required absolute equality of coverage between the named insured and additional insureds. Since the exclusionary clause referred only to persons *other than* the named insured, it destroyed the statutorily required equality and was struck down. The Arizona statute does not have a provision requiring equality of treatment of the named insured and other insureds. Further, as applied to the fact situation before the court the policy provisions which we are considering treat both the named insured and the omnibus insured equally—neither is afforded coverage for injuries to an employee of the named insured sustained in the course of his employment. We note that clause 18(C) (3) has been upheld as not inconsistent with California's financial responsibility laws. Rollo v. California State Automobile Association, 159 Cal.App.2d 172, 323 P.2d 531 (1958). There is no language in our statute which would compel or support the interpretation urged by appellant. From a reading of Sec. 28–1170 in its entirety it is obvious that the legislature did not intend to require that the named insured provide coverage for injuries to his own employees and that is all we are required to decide in this case.

The judgment of the trial court is affirmed.

EUBANK, P. J., and JACOBSON, J., concur.