[Civ. No. 22989.   First Dist., Div. One.   Jan. 6, 1967.]

FARMERS INSURANCE EXCHANGE, Plaintiff and Respondent, v. INA GEYER, Defendant and Appellant.

Pucci & Martins, Martins, Bernhardt & Delucchi and Paul R. Bernhardt for Defendant and Appellant.

Clark, Heafey & Martin, Edwin A. Heafey and Richard G. Logan for Plaintiff and Respondent.

MOLINARI, P. J.—In this action for declaratory relief to determine the rights and duties of the parties under a motor vehicle liability policy issued by Farmers Insurance Exchange to Jack Geyer, Ina Geyer appeals from the judgment of the trial court determining that (1) the policy does not extend coverage to Jack for injuries sustained by Ina, his wife, in an accident which resulted from Jack's alleged negligent operation of the vehicle covered by this insurance policy; (2) under the policy Farmers is under no legal duty or liability to Jack and Ina by reason of the accident nor is it obligated to make any settlements with Ina or Jack or to pay any judgment rendered in favor of Ina in an action brought by her against Jack to recover damages for the injuries allegedly sustained by her in the accident; and (3) Farmers is relieved of any further defense in that action, which is now pending in the Superior Court of Alameda County.[1] The sole issue on this appeal concerns the validity of a provision in a motor vehicle liability policy excluding coverage for injuries to the named insured. Specifically we are confronted with the question of whether by virtue of such a provision an insurer is relieved of liability and of its duty to defend in a situation where a spouse who is a named insured under the policy is injured as a result of the alleged negligence of the other spouse in the operation of the insured vehicle.

## THE FACTS

The facts, as stipulated by the parties and as admitted in the pleading, are as follows: Ina was injured on June 8, 1962 when, after falling out of the 1955 GMC truck which was

---

[1] The procedural posture of this case below was as follows: The action was instigated by Farmers, which filed a complaint for declaratory relief naming as defendants Jack and Ina Geyer. Both defendants filed separate answers to Farmers complaint and in addition cross-complained against Farmers for declaratory relief. Following the entry of judgment in favor of Farmers, notice of appeal was filed only by Ina.

being driven by Jack and in which Ina was riding as a passenger, the truck rolled over her leg. As a result of this accident, which resulted from the alleged negligent operation of the truck by Jack, Ina sustained injury and damage. The truck in which Ina was riding at the time of the accident had been purchased with community funds by Jack in February, 1958, was registered in Jack's name, and from the date of its purchase to the date of the accident had been used almost exclusively by him as a means of transportation to and from work. In fact, since its purchase Ina had driven the truck on only one occasion, that being to test its operation. At the time of the accident there was in full force and effect a motor vehicle liability insurance policy covering said truck. This policy, which had been issued to Jack by Farmers, contained the following provisions: '' 'Exclusion Under Part I This policy does not apply under part I: . . . (11) to the liability of any insured for bodily injury to (a) any member of the same household of such insured except a servant, or (b) the named insured.' '' '' 'Definition of ''Named Insured'' Under Part 1 If the insured named in Item 1 of the Declarations is an individual, the term ''named insured'' includes his spouse if a resident of the same household.' ''

## ANALYSIS

In making her argument that the provision of Farmers' policy excluding coverage for liability resulting from injuries to the named insured is invalid as applied to the facts in the instant case, Ina relies on the following principles: (1) by virtue of the provisions of Vehicle Code section 16451,[2] an owner's policy of insurance must insure the owner and anyone using the described vehicle with the owner's permission against the loss from liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle, and (2) the right of a wife to recover for personal injuries caused by the negligence of her husband is a liability imposed by law under the holding in *Klein* v. *Klein*, 58 Cal.2d 692 [26 Cal.Rptr. 102, 376 P.2d 70], abandoning the rule of interspousal immunity for personal torts.

---

[2] Unless otherwise indicated, all statutory references are to the Vehicle Code. Specifically, section 16451 provides in pertinent part as follows: ''An owner's policy of liability insurance shall insure the person named therein and any other person, as insured, using any owned motor vehicle with the express or implied permission of said assured, against loss from the liability imposed by law for damages arising out of ownership, maintenance, or use of such motor vehicle. . . .''

■ Section 16451 (former § 415) sets forth a public policy of this state and must be considered a part of every policy of liability insurance even though the policy itself does not make such law a part thereof. (*Wildman* v. *Government Employees' Ins. Co.*, 48 Cal.2d 31, 39-40 [307 P.2d 359]; *Interinsurance Exchange etc. Club* v. *Ohio Cas. Ins. Co.*, 58 Cal.2d 142, 154 [23 Cal.Rptr. 592, 373 P.2d 640]; *Atlantic Nat. Ins. Co.* v. *Armstrong*, 65 Cal.2d 100, 105 [52 Cal.Rptr. 569, 416 P.2d 801]; *Travelers Indemnity Co.* v. *Colonial Ins. Co.*, 242 Cal.App.2d 227, 232 [51 Cal.Rptr. 724]; *United States Steel Corp.* v. *Transport Indem. Co.*, 241 Cal.App.2d 461, 465 [50 Cal.Rptr. 576].) In *Atlantic*, however, we find this pertinent language: "Thus interpreted, the section appears to prohibit insurance policies from excluding liability to a person who is injured by the negligence of an insured driver *unless such an exclusion is permitted by some other provision of law.*" (P. 107; italics added. Citing, as an example, § 415, subd. (e), now § 16454.) Section 16454, to which reference is made in *Atlantic* as a provision of law authorizing certain exclusions from coverage in an automobile liability policy, provides specifically as follows: "Any motor vehicle liability policy need not cover any liability for injury to the assured or any liability of the assured assumed by or imposed upon the assured under any workmen's compensation law nor any liability for damage to property in charge of the assured or the assured's employees or agents."

■ Before proceeding to discuss the interpretation given to section 16454 by the appellate courts, we note that the words "the assured" as used in that section mean the person specifically named in the policy as the assured rather than someone who might become an additional insured by reason of his use of a vehicle owned by the assured with the latter's permission. This is apparent from the language of the sections immediately preceding section 16454. Section 16450, defining a "motor vehicle liability policy," refers to such a policy as one "issued by an insurance carrier . . . to or for the benefit of the *person named therein as assured.*" (Italics added.) Similarly, section 16451, which states the statutory requirement of omnibus coverage of permissive users of motor vehicles, provides that "An owner's policy of liability insurance shall . . . insure the person named therein and any other person, as insured, using any owned motor vehicle with the express or implied permission of *said assured*, . . ." (Italics

added.)  (See *Farmers Insurance Exchange* v. *Frederick,* 244 Cal.App.2d 776, 778 [53 Cal.Rptr. 457].)

In *Travelers Indemnity* we were called upon to interpret section 16454. In that case a truck driver, who was injured as a result of the negligence of a forklift operator while the driver's truck was being loaded with steel beams, was a named insured under an automobile liability policy which specifically limited its indemnification liability to bodily injury or death suffered by any person or persons other than the insured or his employees.[3] We there held that by virtue of the provisions of section 16454 the exclusionary provision of the policy was not violative of public policy and that the policy effectively excluded from coverage claims made by the named insured truck driver. In holding that the subject exclusion from coverage was not only not violative of public policy but expressly sanctioned by the very section which required coverage for permissive users, we noted that ''Absent any statute or public policy prohibiting them, provisions of an automobile liability policy excluding from coverage liability for bodily injury or death of a named insured have been held valid and effective and have been enforced according to their terms. [Citations.]'' (P. 234.)

Our rationale in *Travelers Indemnity* was concurred in by Justice Herndon in his concurring and dissenting opinion in *Farmers Insurance Exchange, supra,* p. 785. There the majority held that the term ''insured,'' in an automobile policy excluding from its coverage injuries to the ''insured,'' referred to the person who actually drives the vehicle and that therefore the exclusionary provision did not prevent the owner of the vehicle from recovering for bodily injuries suffered while a passenger in this vehicle. Noting that the exclusionary provision there involved utilized essentially the same terminology as is found in section 16454, as is the case here, Justice Herndon observed that since the Legislature has declared the applicable rule of public policy in such clear language it would be impermissible to reach any other conclusion than that the subject exclusionary language expressly excluded from coverage any liability of the driver for injuries sustained by the named insured.

---

[3] The exclusionary words in the subject policy were as follows: '' '[I]f such claims are made on account of (1) COVERAGE A—Bodily Injury or Death suffered by any person or persons, *other than the insured or his employees,* as the result of an accident occurring while this policy is in force; . . .' '' (P. 234.)

The interrelationship between section 16451 and 16454 was manifested in *Rollo* v. *California State Automobile Assn.*, 159 Cal.App.2d 172 [323 P.2d 531]. There an automobile liability policy of insurance was issued to Broadway Plumbing Company. Under the terms of the policy, coverage was extended to any person using an owned automobile with the permission of the named insured. The policy, however, contained provisions excluding coverage to an employee injured by a fellow employee while both were acting in the course of their employment with Broadway.[4] Rollo, an employee of Broadway, was injured while a passenger in a car owned by Broadway and being driven by Vanelli, a coemployee. Rollo received compensation benefits from Broadway's workmen's compensation insurance carrier. He then sued Vanelli and recovered a judgment against him. The judgment was not satisfied and Rollo instituted an action against Broadway's insurance carrier, claiming that the policy covered Vanelli as an additional insured and that the carrier was therefore liable for the judgment obtained against Vanelli. In rejecting this contention, this court held that, while under the omnibus clause in the policy Vanelli was an additional insured, he was not such an insured as to Rollo because of the aforementioned provisions excluding coverage. The rationale of such holding was that it was not only the intent of the parties to the insurance contract not to provide coverage for an employee of Broadway who injured another employee of Broadway while both were within the course of their employment, but also to exclude liability where Broadway was also liable under the compensation laws. In this latter regard *Rollo* held that the exclusion from coverage was not violation of the financial responsibility laws of this state or the public policy of this state, and noted, in particular, that both the workmen's compensation law (Lab. Code, § 3600) and the financial responsibility law (former

---

[4] These provisions provided as follows: " 'The insurance with respect to any person . . . other than the named insured does not apply . . . (c) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment *in an accident arising out of the maintenance or use of an automobile in the business of such employer*; . . .' 'This policy does not apply: . . . (d) under coverage A, except with respect to liability assumed under contract covered by this policy, to bodily injury to or sickness, disease or death of any employee of the insured while engaged in the employment of the insured, other than a domestic employee for whose injury benefits are not payable or required to be provided under any workmen's compensation law; or to any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law.' " (P. 175.)

§ 415, now § 16454) eliminate liability of an employer to an injured employee while acting in the course of his employment other than liability under the workmen's compensation statutes.

Ina urges that section 16454 must be construed so as to permit an insurance policy to exclude from coverage the following: (1) "any liability for injury to the assured, assumed by the assured under any Workmen's Compensation Law"; (2) "any liability of the assured imposed upon the assured under any Workmen's Compensation Law"; and (3) "any liability for damage to property in charge of the assured or the assured's employees." ▮ We cannot accept such an interpretation of section 16454, because it is clear that the exclusion from coverage of liability for injuries to the assured authorized by this statute is an unqualified exclusion. Thus, as we read this statute it provides that a motor vehicle insurance policy need not cover (1) any liability for injury to the assured or (2) any liability of the assured assumed by or imposed upon the assured under any workmen's compensation law or (3) any liability for damage to property in charge of the assured or the assured's employees or agents. That this is the only reasonable interpretation of this section is clear from the language utilized and the manner in which the language is arranged. First, the very fact that the Legislature used the terminology "liability for injury to the assured" is significant. If, as contended by Ina, the Legislature only intended to authorize exclusion of liability for injury to the assured to the extent that such liability was assumed by the assured under workmen's compensation law it would have been wholly unnecessary to make any reference to "liability for injury to the assured." In other words, such liability would of necessity be included within the subsequent provision "liability assumed by or imposed upon the assured under any workmen's compensation law," and thus there would be no need to specify it separately. ▮ Accordingly, since a cardinal rule of statutory construction requires that significance be given to every word or phrase, sentence and part of a statute (*People* v. *Western Air Lines, Inc.*, 42 Cal.2d 621, 638 [268 P.2d 723]; *Select Base Materials* v. *Board of Equalization*, 51 Cal.2d 640, 645 [335 P.2d 672]) we must presume that the phrase "liability for injury to the assured" has a meaning separate and distinct from the phrase "liability assumed by or imposed upon the assured under any workmen's compensation law."

██  We are persuaded, moreover, that by using the word "liability" three separate times in the statute when designating the types of risks which could be excluded, the Legislature clearly signified its intention to authorize the exclusion of three separate categories of types of risks. In view of this action on the part of the Legislature it is difficult to perceive how Ina can assert that the category "liability for injury to the assured" is the same as "liability of the assured assumed by or imposed upon the assured under any workmen's compensation law." Furthermore, the construction suggested by Ina appeared to us to be meaningless. As we have indicated, Ina would have us read the first permissible exclusion as "any liability for injury *to the assured* assumed *by the assured* under any Workmen's Compensation Law." (Italics added.) This interpretation obviously provides for the assumption of liability by the assured under workmen's compensation law for his own injuries. However, we know of no principles of workmen's compensation by which a person assumes liability for his own injuries. ██ Rather in order for liability to arise under workmen's compensation there must be an employment relationship which is necessarily a two-party relationship. Accordingly, it is apparent that Ina's suggested construction of section 16454 is untenable.

In arguing that section 16454 does not authorize the unqualified exclusion of coverage for injuries to the assured as is contained in the subject provision of Farmers' policy, Ina also places reliance on the legislative history of section 16454. In this regard she sets out the portion of section 415 from which section 16454 was derived both as originally enacted in 1935 and as amended in 1937.[5] ██ Concerning the significance of this legislative history, we point out initially that

[5] As originally enacted in 1935, section 415 provided in pertinent part as follows: "Such policy shall designate, by explicit description or by appropriate reference, all motor vehicles with respect to which coverage is intended to be granted by said policy, and shall insure the insured named therein, and any other person using or responsible for the use of any such motor vehicle, with the consent, express or implied, of such insured, against loss from the liability imposed upon such insured by law or upon such other person for injury to, or death of, any person other than such person or persons as may be covered, as respects such injury or death by any workmen's compensation law, or damage to property, except property of others in charge of the insured or the insured's employees. . . ."

In 1937 section 415 was amended so that subdivision (d) thereof provided as follows: "Any liability policy issued hereunder need not cover any liability for injury to the assured or any liability of the assured assumed by or imposed upon said assured under any workmen's com-

because of our conclusion that the language of section 16454 is unambiguous we are precluded from considering extrinsic evidence, including legislative history, to ascertain the meaning of the statute. (*Lockhart* v. *Wolden,* 17 Cal.2d 628, 631 [111 P.2d 319]; *Stockton Sav. & Loan Bank* v. *Massanet,* 18 Cal.2d 200, 207 [114 P.2d 592]; *Caminetti* v. *Pacific Mutual L. Ins. Co.,* 22 Cal.2d 344, 353-354 [139 P.2d 908].)

However, even if we were entitled to consider the legislative history of section 16454 in determining its present meaning, it is apparent that the former versions of this statute buttress our conclusion as to the correct interpretation of this section. The original version of section 16454, i.e., section 415 as enacted in 1935, contained no legislative authorization to exclude from a motor vehicle liability policy liability for injury to the assured. There is no language in that statute which is reasonably susceptible of the claim that it contained any such authorization. However, in the 1937 version of section 415, which is the immediate predecessor of section 16454, there appears the language "liability for injury to the assured." This, of course, is a significant change of language since it refers to a category or type of risk that was not dealt with previously by the Legislature when prescribing the types of risks that need not be included in a motor vehicle liability policy. ▮ It is a settled principle of statutory construction that a material change in the phraseology of a legislative enactment is ordinarily viewed as showing an intention on the part of the Legislature to change the meaning of the statute. (*Twin Lock, Inc.* v. *Superior Court,* 52 Cal.2d 754, 761 [344 P.2d 788]; *People* v. *Valentine,* 28 Cal.2d 121, 142 [169 P.2d 1]; *Loew's Inc.* v. *Byram,* 11 Cal.2d 746, 750 [82 P.2d 1]; *City of Burbank* v. *Metropolitan Water Dist.,* 180 Cal.App.2d 451, 462 [4 Cal.Rptr. 757].) Accordingly, to the extent that a material change in language in the 1937 amendment of section 415 reflects a legislative intent to change the meaning of the statute so as to authorize an exclusion for liability resulting from injury to the assured, the legislative history of section 16454 buttresses our conclusion that the present wording of this section authorizes such an exclusion.

▮ The argument by Ina that section 16454 "is permissive only and liability coverage must be provided where other

---

pensation law nor any liability for damage to property in charge of the assured or the assured's employees or agents."

In 1959 this provision of section 415 was repealed and reenacted as section 16454.

statutes made such coverage mandatory,'' is equally untenable, not only in the light of the foregoing analysis, but under the well-recognized rule of statutory construction that statutes on the same subject must be construed together in the light of each other so as to harmonize them. (*County of Placer* v. *Aetna Cas. etc. Co.*, 50 Cal.2d 182, 188-189 [323 P.2d 753]; *City of National City* v. *Fritz*, 33 Cal.2d 635, 637 [204 P.2d 7]; *Ebert* v. *State of California*, 33 Cal.2d 502, 509 [202 P.2d 1022].) ▆ In the instant case, moreover, since sections 16451 and 16454 were, prior to 1959, both part of former section 415, the rule of statutory construction that all parts of a statute should be read together and construed to achieve harmony between the parts is also applicable. (*Wemyss* v. *Superior Court*, 38 Cal.2d 616, 621 [241 P.2d 525]; *State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 56 Cal.2d 681, 686 [16 Cal.Rptr. 359, 365 P.2d 415].) ▆ In line with these rules it is apparent, therefore, that while section 16451 sets forth the general requisites of a motor vehicle liability policy, section 16454 carves out specific exceptions from those requirements. The patent reason for the use of permissive rather than mandatory language in section 16454 is that an insurance carrier is not required to include in its policies the exclusions set forth in that section; it may do so if it desires. However, to interpret section 16451 as requiring a motor vehicle liability policy to include coverage for the types of liability which are, by virtue of section 16454, specifically authorized to be excluded from coverage would render section 16454 meaningless.

Ina cites *Campidonica* v. *Transport Idem. Co.*, 217 Cal. App.2d 403 [31 Cal.Rptr. 735], and *Pleasant Valley etc. Assn.* v. *Cal-Farms Ins. Co.*, 142 Cal.App.2d 126 [298 P.2d 109], in support of her contention that the permissive provisions of section 16454 must give way to the mandatory requirements of section 16451. In so arguing, however, appellant misconceives the holdings in these two cases. In *Pleasant Valley*, which was followed in *Campidonica*, the appellate court found the exclusionary provision in question to be ambiguous and adopted the construction most favorable to the insured, the result being that the exclusion was held to be inapplicable to the facts of those cases. Neither case, however, held nor intimated that a provision authorized by section 16454 must give way to the requirements of section 16451.

Ina's final argument is that abrogation of interspousal immunity is rendered meaningless if the injured spouse can-

not recover under a liability policy. In support of this contention Ina shows by a series of examples some results which would occur if one spouse is not permitted to recover against the other's insurance carrier. Such results, of course, obtain in every case where for some reason the tortfeasor has no insurance covering the accident in question. However, the fact that such results occur in these situations is not germane to the issue before us.

Nothing in *Atlantic* compels a result different from that reached herein. In that case the Supreme Court indicated that it was not called upon to decide whether section 16454 permits exclusion of liability for injuries sustained by a named insured because it sufficed to determine the issue there presented by holding that a general provision designed to exclude coverage of liability for injuries sustained by *occupants* of an insured automobile contravened section 16451 (then § 415), and was, therefore, invalid. The rationale of *Atlantic* was that, although the renter of the car was a named insured under the policy, it could not be presumed that the parties intended to exclude liability for his injuries because of his status as an insured merely because the policy contained an exclusion of liability for all occupants. In this regard the court stated that the fact that he was an insured driver under the policy was "logically unrelated to the fact that he was an occupant of the car at the time of the accident." (P. 110.) In the instant case .we are not called upon to determine whether coverage for Ina's injuries is excluded because of broad exclusionary language such as that found in the policy construed in *Atlantic*. Rather, since the policy in question expressly and specifically excludes the "named insured" from its coverage, the question of the validity of such an exclusion is squarely before us.

By way of conclusion, we wish to point out that our determination is reached upon the premise that Ina is "the assured" under the subject policy as that term is used in section 16454. Since Ina apparently concedes that she is a named insured under the policy and is thus "the assured" for purposes of section 16454, and since the trial court specifically found that Ina was a named insured under this policy, we omit any consideration of whether Ina, simply by virtue of the provision of Farmers' policy to the effect that the term "named insured" as used in the policy includes the spouse of the person named as insured in the policy's declaration,

thereby became "the assured" within the meaning of section 16454.

The judgment is affirmed.

Sims, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 28, 1967. Sullivan, J., did not participate therein.