FARMERS INSURANCE EXCHANGE, Plaintiff and Respondent, v. ERNEST C. BROWN et al., Defendants and Appellants.

Smith, Parrish, Paduck & Clancy, Thomas Schneider and William Shannon Parrish for Defendants and Appellants.

Clark, Heafey & Martin and Chris G. Gasparich for Plaintiff and Respondent.

DRAPER, P. J.—On March 31, 1963, Effie O. Brown was injured while riding in an automobile owned by her and her husband, Ernest C. Brown, and driven by him. The injury caused her death. The car was covered by an automobile insurance policy issued by Farmers Insurance Exchange.

The policy provides that it "does not apply . . . to the liability of any insured for bodily injury to . . . the named insured." The policy specifies that "If the insured named . . . is an individual, the term 'named insured' includes his spouse if a resident of the same household," and that " 'bodily injury' means . . . bodily injury including death at any time resulting therefrom."

At the time of the accident, Effie was residing in the same household as Ernest and was his spouse. Ernest was the insured named in the policy.

An action for damages for wrongful death was filed by Effie's five adult children, not residing in the Brown household, naming Ernest C. Brown as defendant. Ann Shipp, also one of Effie's children, refused to join as a plaintiff and was made a party defendant. The defense of the action was tendered to Farmers, which refused to defend, denying liability under the quoted policy provisions.

Farmers then began the present action against Ernest and the adult children of Effie, seeking a declaration that it was not liable under the terms of the policy to defend or indemnify Ernest. Judgment was in favor of Farmers.

Appellants raise three issues on this appeal: (1) Was Effie a named insured under the policy? (2) If she was a named insured, is the exclusion valid as to her under California law? (3) If she was an insured and the exclusion is valid as to her, does the exclusion also operate to bar the claims of her heirs for her wrongful death?

■ Appellants argue that Ernest is the only person actually named in the policy and thus is the only "named insured" whose claim is barred by the exclusion. But the policy language quoted above specifically defines "named insured" to include the spouse residing in the same household. This description covers Effie, and thus brings her within

the policy provision excluding liability for injury to the named insured.

■ Appellants contend, however, that no policy provision excluding liability for injury to Effie is valid under the financial responsibility law (Veh. Code, div. 7). "An owner's policy of liability insurance shall . . . (b) [i]nsure the person named therein . . . against loss from the liability imposed by law for damages arising out of ownership, maintenance, or use of such motor vehicle" (Veh. Code, § 16451). This statute defines the risks which must be covered, and prohibits policy exclusion of any such risk unless permitted by some other provision of law (*Atlantic Nat. Ins. Co.* v. *Armstrong*, 65 Cal.2d 100, 107 [52 Cal.Rptr. 569, 416 P.2d 801]; *Wildman* v. *Government Emp. Ins. Co.*, 48 Cal.2d 31, 39 [307 P.2d 359]; *Exchange Cas. & Surety Co.* v. *Scott*, 56 Cal.2d 613 [15 Cal.Rptr. 897, 364 P.2d 833]). A number of attempted exclusions have been struck down under this rule (see cases cited in *Interinsurance Exchange* v. *Ohio Cas. Ins. Co.*, 58 Cal.2d 142, 150 [23 Cal.Rptr. 592, 373 P.2d 640]).

But the code provides that a "motor vehicle liability policy need not cover any liability for injury to the assured." (Veh. Code, § 16454.) It has been decided that the same policy exclusion here involved is specifically authorized by section 16454 (*Farmers Ins. Exchange* v. *Geyer*, 247 Cal.App.2d 625 [55 Cal.Rptr. 861]; see also *Travelers Indem. Co.* v. *Colonial Ins. Co.*, 242 Cal.App.2d 227 [51 Cal.Rptr. 724]). We think it settled by the express language of section 16454 and by the holdings in *Farmers* and *Travelers,* that any claim Effie might have asserted against Ernest because of her own injuries would be excluded from the protection of the policy issued by respondent.

■ Appellants argue, however, that this rule permits only the exclusion of liability to Effie while alive, and cannot justify exclusion of liability to her heirs. They assert, correctly, that their cause of action for wrongful death is distinct from any claim she might have had for her own bodily injuries (*Fuentes* v. *Tucker*, 31 Cal.2d 1, 9 [187 P.2d 752]; *Dickinson* v. *Southern Pac. Co.*, 172 Cal. 727, 730 [158 P. 183]; 2 Witkin, Summary Cal. Law (1960) Torts, § 374, p. 1577; Code Civ. Proc., § 377; Prob. Code, § 573). They argue that section 16454 mentions only injury, and thus does not permit policy exclusion of liability for death.

We recognize that the purpose of the financial responsibility law is "to give monetary protection to that ever chang-

ing and tragically large group of persons who while lawfully using the highways themselves suffer grave injury through the negligent use of those highways by others,'' and that the law is to be liberally construed to that end (*Continental Cas. Co.* v. *Phoenix Constr. Co.*, 46 Cal.2d 423, 434 [296 P.2d 801, 57 A.L.R.2d 914]).

Appellants' construction of section 16454, however, would permit an insurer to exclude coverage for any injury to an assured, however permanent and crippling, but would bar such exclusion if the injury resulted in death. That construction unjustifiably assumes a legislative illiberality to the maimed, in contrast to an oddly inconsistent concern for adult heirs of the dead.

In essence, the argument is that the financial responsibility law, when it refers only to injuries, does not include death. But this view logically would apply to provisions which extend coverage, as well as those which limit it. Literally applied throughout the act, this construction would devitalize the statute. A key section of the responsibility law is that which requires deposit of security (Veh. Code, § 16020). But it requires security only in an amount sufficient to satisfy ''any final judgment . . . for bodily injury.'' Appellants' view that death is meant only when the word is spelled out would mean that no security is required of one whose vehicle causes death. Throughout the many sections of the responsibility law (Veh. Code, §§ 16000-16503), it is apparent that the Legislature has used the word ''injury'' as interchangeable with ''injury or death'' (e.g., §§ 16005, 16026, 16434) except in the few instances when an intent to limit is apparent.

Absent any conceivable reason for distinction, it is reasonable to conclude that the Legislature meant to authorize policy exclusion of liability for death as well as for injury. The statute as a whole deals with casualty coverage, not life insurance. But appellants' construction would convert the policy to one of life insurance only.

The case principally relied upon by appellants (*Garcia* v. *State of California*, 247 Cal.App.2d 814 [56 Cal.Rptr. 80]) deals with statutory language which is readily distinguishable. The tort claims act there considered (Gov. Code, § 844.6) barred liability of a public entity for ''an injury to any prisoner'' but expressly provided that ''[n]othing in this section prevents a person, other than a prisoner, from recovering for an injury resulting from the dangerous condition of public property. . . .'' The court but applied this language

124

of the statute in holding that the heirs of a prisoner could recover for his death. No such language is found in section 16454, and it is inconsistent with the statutory purpose apparent throughout the financial responsibility law, viewed as a whole, to imply it.

Judgment affirmed.

Brown (H. C.), J., concurred.

SALSMAN, J.—I dissent.

The construction here given to section 16454[1] operates to deny to an insured the protection of his policy, and thus diminishes in part at least the remedial effect of the financial responsibility laws. (Veh. Code, div. 7.) Moreover, to the extent there is any ambiguity or uncertainty in the language of the policy and the provisions of the statute which permit the exception, the ambiguity should be resolved in favor of the insured and against the insurer.

Section 16454 provides in part that: "Any motor vehicle liability policy need not cover any liability for injury to the assured. . . ." I agree that here Effie was an insured under the policy and that the policy afforded Ernest no protection against any claim she or her estate might have asserted. (See Prob. Code, § 573.) This results from the language of the policy, authorized by section 16454, that the policy does not apply ". . . to the liability of any insured for bodily injury to . . . the named insured."

Heirs, however, seeking damages for the wrongful death of an ancestor, do not assert the ancestor's claims. Their cause of action is wholly separate and distinct. (Compare Code Civ. Proc., § 377 with Prob. Code, § 573; see also *Fuentes* v. *Tucker*, 31 Cal.2d 1, 9 [187 P.2d 752]; *Dickinson* v. *Southern Pac. Co.*, 172 Cal. 727 [158 P. 183]; *Garcia* v. *State of California*, 247 Cal.App.2d 814, 816 [56 Cal.Rptr. 80]; 2 Witkin, Summary Cal. Law (1960) Torts, § 374, p. 1577.) Here, appellants assert their own claims, not those of Effie.

Section 16454 does not say that an owner's policy of insurance need not cover the liability of an insured for the wrongful death of another insured. I would construe the language of section 16454 strictly, and narrow the exception there allowed to that limited area where an insured under the policy, or his estate, seeks recovery for his own personal injuries. I would not extend the language of the section to

[1]All section references are to the Vehicle Code.

cover claims for wrongful death asserted by the heirs of a decedent who was also an insured under the policy.

Strict construction of section 16454, which I would apply here, results in liberal construction of the financial responsibility laws as a whole, and carries into effect the beneficial purposes which these statutes were designed to accomplish. I would limit the exception strictly to the language of the statute and would honor its terms by applying it to those cases where the claim asserted is for an "injury to the assured." I would not read into the statute the disclaimer of liability written into respondent's policy, and thus cut off the wholly separate and independent claims of the decedent's heirs.

I would reverse the judgment and direct the trial court to enter a declaratory judgment to the effect that respondent's policy affords Ernest protection against appellants' claims for the alleged wrongful death of Effie.

A petition for a rehearing was deemed denied July 31, 1967, pursuant to Rule 27(e), California Rules of Court. Appellants' petition for a hearing by the Supreme Court was denied September 21, 1967. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.