[Civ. No. 35902. Second Dist., Div. Four. Jan. 12, 1971.]

PAUL MASSON CO., INC., et al.,
Plaintiffs, Cross-defendants and Respondents, v.
COLONIAL INSURANCE COMPANY,
Defendant, Cross-complainant and Appellant;
IMPERIAL CASUALTY AND INDEMNITY COMPANY,
Defendant, Cross-complainant and Respondent;
TRAVELERS INDEMNITY COMPANY et al.,
Cross-defendants and Respondents.

## COUNSEL

Bolton & Hemer and Abe Mutchnik for Defendant, Cross-complainant and Appellant.

Schell & Delamer, Fred B. Belanger, Charles H. Carpenter, Roscoe Ward, Veatch, Carlson, Dorsey & Quimby, Frederick C. Quimby, Jr., and Ellis J. Horvitz for Plaintiffs, Cross-defendants and Respondents and for Cross-defendants and Respondents.

Parker, Stanbury, McGee & Roberts and Allison J. Stoltz, Jr., for Defendant, Cross-complainant and Respondent.

## OPINION

**IRWIN, J.\***—This appeal arises from an action in declaratory relief to determine the respective rights and obligations of insurance carriers in respect to an "unloading" case in which Lane Grinstead, the plaintiff therein, claimed personal injury.

The insurers involved are appellant Colonial Insurance Company (Colonial); respondents, The Travelers Indemnity Company (Travelers); Imperial Casualty and Indemnity Company (Imperial); and The Aetna Casualty and Surety Company (Aetna).

The trial court entered judgment declaring that the appellant Colonial is the primary insurer and that all respondent insurers are excess carriers. Colonial appeals from this judgment and contends (1) its policy expressly excludes any coverage pertaining to Grinstead's injury and, therefore, it has no liability as a matter of law; or (2) that appellant is an excess insurer; or (3) a co-primary insurer with Imperial.

The case was submitted for decision pursuant to a written "stipulation of facts." The respective insurance policies were received without any evidence in aid of their construction. ██ Under such circumstances an appellate court is not bound by the trial court's interpretation of the insurance policies and construction of the policies is a matter of law. (*Continental Cas. Co.* v. *Phoenix Constr. Co.* (1956) 46 Cal.2d 423, 430 [296 P.2d 801, 57 A.L.R.2d 914].) Considering the facts, which are not in dispute, and our own independent review of the insurance policies before us, we must affirm the judgment for the reasons hereinafter set forth.

### The Facts

Prior to April 23, 1963, Trails Trucking Co. (Trails), insured by Imperial, entered into a contract with respondent Owens Illinois Glass Co., Inc.

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

(Owens), insured by respondent Aetna, to deliver a load of champagne bottles, manufactured by Owens, to Paul Masson Co., Inc. (Masson), insured by respondent Travelers. Trails had been issued permits by the Public Utilities Commission of the State of California, permitting Trails to operate as a public carrier and Trails hired the Arthur G. Machado Company (Machado) as subhauler, to make the delivery. In so doing, Machado operated on the streets under Trails' P.U.C. permits.

Lane Grinstead, in the course and scope of his employment as truck driver for Machado, made the delivery and was injured while assisting respondent Roscoe R. Ward, an employee of Masson, to unload the bottles from the truck with the use of a forklift owned by Masson. Subsequently Grinstead sued Owens and Masson in the Los Angeles Superior Court (Grinstead v. Owens Illinois Glass Co., L.A. No. 837333) alleging Ward's negligence and Owens' and Masson's responsibility therefor.[1]

The pertinent insurance clause in Colonial's policy insuring Machado provides, in part, as follows: "(1) COVERAGE A—Bodily Injury or Death suffered by any person or persons, *other than the insured or his employees,* as the result of an accident occurring while this policy is in force; [etc.]." (Italics added.) And the P.U.C. *Endorsement* to that policy, in part, provides: "In consideration of the premium stated in the policy to which this endorsement is attached, the Company agrees to pay, within the limits of liability hereinafter provided, any final judgment rendered against the insured for bodily injury to or death of any person, or loss of or damage to property of others (*excluding injury to or death of the insured's employees while engaged in the course of their employment. . . .*)" (Italics added.)

I

 It is appellant's first contention that the exclusionary clause, as emphasized in the foregoing provisions, exempts appellant from all liability resulting from the accident in question. As authority appellant cites *Travelers Indem. Co.* v. *Colonial Ins. Co.* (1966) 242 Cal.App.2d 227 [51 Cal. Rptr. 724], which concerned the same provision in a Colonial policy and which also excluded from coverage claims made by persons *other than the insured or his employees.* The cited case holds only that where the *named insured* was the injured party, the policy did not cover the liability of other persons for that injury, and that this exclusion was lawful under Vehicle Code section 16454.

That holding does not apply here, where the injured person is not the

---

[1]During the pendency of this appeal, Grinstead obtained judgment against Masson alone for $25,000. The action against Owens was dismissed, following a nonsuit which was granted. That judgment is now final.

named insured. Vehicle Code section 16451 provides that an owner's policy shall insure the liability of every permissive user against liability imposed by law for damages arising out of the use of the vehicle. Section 16454 provides three exceptions, one being "liability for injury to the assured." ■ The word "assured" in that section means only the named insured. This interpretation is consistent with the language and purpose of section 16451. (See *Farmers Ins. Exch.* v. *Geyer* (1967) 247 Cal.App.2d 625, 629 [55 Cal.Rptr. 861].)

■ The employee exclusion clause in Colonial's policy must be construed in the light of the financial responsibility statutes. ■ Under Vehicle Code sections 16451 and 16454 the fact that the injured man was an employee of the named insured does not provide any basis for non-coverage of the alleged liability of Masson, Ward and Owens for the injuries. The employee exclusion in section 16454 refers to "liability of the assured assumed by or imposed upon the assured under any workmen's compensation law." ■ Neither Masson, Ward nor Owens have any liability to Grinstead under any workmen's compensation law.

Under no reported case has the exclusion authorized in section 16454 been applied to an injury to a person in the position of Grinstead, who was not the named insured, and who was injured through the negligence of a permissive user of the vehicle. Thus, our holding does not offend the doctrine of *stare decisis,* as appellant contends, and is not in conflict with *Travelers, supra,* because Grinstead is not the insured within the meaning of the exclusionary clause set forth in the policy; neither is he one of the persons authorized to be excluded under the provisions of Vehicle Code section 16454.

■ Also, it is well settled in California that the employment relationship referred to in exclusionary clauses, such as we have before us, must exist between the injured employee and the party seeking protection of the policy; that the exclusion only applies to employees of an insured who owes a liability to the injured plaintiff. (*Shippers Dev. Co.* v. *General Ins. Co.* (1969) 274 Cal.App.2d 661, 673 [79 Cal.Rptr. 388], and other cases therein cited.)

Appellant, for its position, cites the case of *Rollo* v. *Cal. State Automobile Assn.* (1958) 159 Cal.App.2d 172, 176 [323 P.2d 531]. In an action by an employee of the insured against a co-employee of the insured, coverage was claimed under the employer's auto liability policy. That policy contained a clause which specifically excluded from coverage *as an additional insured an employee with respect to injuries of another employee of the same employer.* The appellate court pointed out that this exclusion

was not repugnant to the financial responsibility statute because an injury inflicted by a fellow employee is imputed to their common employer, and is thus imposed upon that employer—the named insured—under the Workmen's Compensation Law.

■ The parties agree that Owens, Masson and Ward are additional insureds under the Colonial policy. Since Grinstead was not an employee of Owens, Masson or Ward, the parties seeking the protection of the policy, the employee exclusion provisions of appellant's Colonial policy do not exempt it from primary coverage.

■ Respondents Travelers, Aetna and Imperial are excess carriers only. Excess clauses in their policies provide:

*Travelers'* policy:

"If the insured has other insurance against the loss covered by this policy this policy shall be excess insurance over any other valid and collectible insurance."

*Aetna's* policy:

"The insurance with respect to any loss covered hereunder shall be excess insurance over any other valid and collectible insurance available to the named Insured."

*Imperial's* policy:

"(11) *Other Insurance.* If there is other insurance against an occurrence covered by this policy, this insurance shall be deemed excess insurance over and above the applicable limits of all such other insurance."

Because of the foregoing provisions there is no liability under the basic policies of the named companies if there is other insurance to cover a particular claim. In the instant case Grinstead's judgment was well within the limits of Colonial's coverage ($100,000).

## II

■ Appellant's next contention is that even if it be assumed, *arguendo,* that appellant did have some duty to some party to this action under its policy, it is only liable for a pro rata share of the costs of defense and indemnification growing out of the Grinstead action. In this respect appellant argues that the excess clause of its policy is like the excess clauses of the respondent policies, and that each constitutes "other insurance" as to the other and provides excess coverage, requiring the loss to be

apportioned. (*General Ins. Co.* v. *Truck Ins. Exch.* (1966) 242 Cal.App.2d 419 [51 Cal.Rptr. 462]; *American Motorists Ins. Co.* v. *Underwriters at Lloyd's London* (1964) 224 Cal.App.2d 81 [36 Cal.Rptr. 297]; *Athey* v. *Netherlands Ins. Co.* (1962) 200 Cal.App.2d 10 [19 Cal.Rptr. 89].) We must reject the argument because the excess clause in the Colonial policy by its own terms is not applicable in the case at bench. Condition 20 of Colonial's policy provides as follows:

"OTHER INSURANCE. If the insured, as named in Item 1 of the Declarations, carries other insurance against loss covered by this policy, whether or not valid or collectible, this policy becomes excess over and above such other insurance."

Machado alone is the insured, "as named in Item 1 of the Declarations." He did not carry other insurance against loss covered by the policy. None of the respondents is named in Item 1 of the Declarations in the Colonial policy. Thus, the excess clause in the Colonial policy is not applicable to the facts of the instant case. (*Jensen* v. *Traders & General Ins. Co.* (1959) 52 Cal.2d 786 [345 P.2d 1] [if the policy language is clear, the contract must be given effect as executed by the parties]; *Continental Cas. Co.* v. *Phoenix Constr. Co.* (1956) 46 Cal.2d 423 [296 P.2d 801, 57 A.L.R.2d 914] [if the language is ambiguous, any reasonable doubt will be resolved against the insurance carrier]; *O'Doan* v. *Insurance Co. of North America* (1966) 243 Cal.App.2d 71 [58 Cal.Rptr. 184].)

■ "It is settled in California that, in determining the respective liability of insurers under separate indemnity policies covering the same loss, an applicable 'excess insurance' provision in one of the policies, absent an applicable 'excess insurance' provision in the other, is given effect even though inequities of the type about which defendant complains result." (*Ohio Farmers Indem. Co.* v. *Interinsurance Exchange* (1968) 266 Cal. App.2d 772 [72 Cal.Rptr. 269]; see also *Uber* v. *Ohio Casualty Ins. Co.* (1967) 247 Cal.App.2d 611, 618 [55 Cal.Rptr. 720].)

### III

As heretofore pointed out, Imperial has no liability under the excess clause of its basic policy. Recognizing the probability of this result, appellant's next contention is "If any insurer has primary liability this has to be Imperial, who insured Trails, the holder of the Public Utilities Commission permits under which Machado operated, under a 'P.U.C. Endorsement.'" The endorsement referred to commences with the following language: "The policy to which this endorsement is attached is an Automobile Bodily Injury Liability and Property Damage Liability policy and is hereby amended to assure compliance by the insured, as a motor carrier of property, with

General Order No. 100B and the pertinent rules and regulations of the Public Utilities Commission of the State of California."

Then follows the statement that the company (Imperial) agrees to pay within the limits provided in the endorsement ($25,000 for one person) any judgment rendered against the insured for bodily injury resulting from the use of motor vehicles for which a certificate or permit is required or has been issued by the Public Utilities Commission, regardless of whether such vehicles are specifically described in the policy or not.

The endorsement further provides: "Within the limits of liability hereinafter provided it is further understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, or any other endorsement thereon or violation thereof, or of this endorsement, by the insured, shall relieve the Company from liability hereunder or from the payment of any such final judgment, irrespective of the financial responsibility or lack thereof or insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which this endorsement is attached are to remain in full force and effect as binding between the insured and the Company, and the insured agrees to reimburse the Company for any payment made by the Company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the Company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement."

General Order No. 100B, referred to in the endorsement, is an order of the Public Utilities Commission of the State of California, which requires each carrier to provide "adequate protection against liability imposed by law upon such carriers for the payment of damages for personal bodily injuries" in the amount of not less than $25,000 for injuries to one person.

The terms of the endorsement were drafted "to assure compliance" with General Order No. 100B, and for no other purpose. The evident purpose of the order was to make certain that no vehicle was operating under Public Utilities Commission license without a minimum amount of liability insurance. Such coverage would normally be provided by the owner of such a vehicle, under a standard form of owner's policy. The sweeping language of the endorsement, attached to the permittee's policy, was "to assure compliance" in the event no owner's policy applied. The indemnification clause in the endorsement was written with the expectation that the permittee— here Trails—would not engage a subhauler without first satisfying itself that the subhauler had the necessary owner's policy.

In the case at bench the subhauler, Machado, did have more than ade-

quate liability coverage to comply with the requirements of General Order No. 100B, and hence the endorsement on Trails' policy did not apply.

The decision in *Travelers Indem. Co.* v. *Colonial Ins. Co., supra* (1966) 242 Cal.App.2d 227, does not support the position of Colonial in this case. In the cited case the basic coverage of the owner's policy ($10,000) was inadequate and did not comply with the P.U.C. order, then in effect, requiring $15,000.

In the case at bench we have an owner's policy affording primary coverage of more than the limit required by the P.U.C. order. Under these circumstances the Public Utilities Commission Endorsement in the non-owner's policy does not *ipso facto* make that coverage primary over the owner's policy, which is adequate to give the coverage now required by the commission's order.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 9, 1971.