[Civ. No. 37535. First Dist., Div. Three. June 28, 1976.]

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, Plaintiff and Appellant, v.
SHEREE HARTLE et al., Defendants and Respondents.

## COUNSEL

Nagle, Vale, McDowall & Cotter and Vernon V. Vale for Plaintiff and Appellant.

Gassett, Perry, Frank & Bondelie and Joseph H. Huber for Defendants and Respondents.

## OPINION

**EMERSON, J.**\*—In this action for declaratory relief, plaintiff State Farm Mutual Automobile Insurance Company (hereafter State Farm) appeals from a judgment which decreed that appellant was obligated to provide coverage to one Bardelmeier as a permissive user of an automobile under a policy issued in favor of respondent Hartle. The facts of the case are not in dispute. The question presented is: Does an owner's policy of automobile liability insurance provide coverage to the owner, injured while riding as a passenger in her own vehicle? We conclude that no such coverage is provided by the instant policy.

Effective January 25, 1973, State Farm issued a policy of automobile liability insurance to Hartle. On December 22, 1973, while said policy was in full force and effect, Bardelmeier was driving Hartle's Volkswagen automobile with her permission and consent. Hartle, the registered owner of the car, was riding as a passenger at the time. The car collided with an unoccupied parked automobile, causing personal injuries to the passenger, Hartle, who subsequently filed an action for personal injuries against Bardelmeier.

State Farm commenced the instant action for declaratory relief, contending that its policy did not afford coverage to Bardelmeier, as a permissive user of the vehicle, for injury to the owner of the vehicle. The

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

court determined that State Farm was obligated to provide coverage to Bardelmeier as a permissive user under the policy issued in favor of Hartle.

Under the terms of the insurance policy issued by State Farm, the company agreed: "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of [¶] (A) bodily injury sustained by other persons . . . caused by accident arising out of the ownership, maintenance or use . . . of the owned motor vehicle; and to defend, with attorneys selected by and compensated by the company, any suit against the insured alleging such bodily injury . . . and seeking damages which are payable hereunder even if any of the allegations of the suit are groundless, false or fraudulent. . . ." This coverage is referred to throughout the policy as "Coverage A." The policy contains the following definition of the word "insured": "Insured—the unqualified word 'insured' includes [¶] (1) the named insured, and [¶] (2) if the named insured is a person or persons, also includes his or their spouse(s), if a resident of the same household, and [¶] (3) if residents of the same household, the relatives of the first person named in the declarations, or of his spouse, and [¶] (4) any other person while using the owned motor vehicle, PROVIDED THE OPERATION AND THE ACTUAL USE OF SUCH VEHICLE ARE WITH THE PERMISSION OF THE NAMED INSURED OR SUCH SPOUSE AND ARE WITHIN THE SCOPE OF SUCH PERMISSION, and [¶] (5) under coverages A and B any other person or organization, but only with respect to his or its liability for the use of such owned motor vehicle by an insured as defined in the four subsections above." The policy also contains various exclusionary clauses; the exclusion at issue provides that the insurance under Coverage A does not apply to "bodily injury to any insured or any member of the family of an insured residing in the same household as the insured."

Appellant contends that by virtue of the above exclusion, it is not obligated to afford coverage to Bardelmeier, as the permissive user, for bodily injury sustained by the owner. Reliance is placed primarily on Insurance Code section 11580.1, which authorizes exclusion of "liability for bodily injury to an insured." Respondents contend that the exclusion clause in question is ambiguous, and is therefore to be construed against the insurance company. Reliance is placed upon the decision in *State Farm Mut. Auto. Ins. Co.* v. *Jacober* (1973) 10 Cal.3d 193 [110 Cal.Rptr. 1, 514 P.2d 953], wherein the Supreme Court found that a similar clause

was not effective to avoid liability for injuries suffered by the owner of the insured automobile while he was riding as a passenger.

In the *Jacober* case, the exclusion clause stated that the insurance did not apply "to bodily injury to *the insured. . . .*" (Italics added.) The court determined that this language was not "conspicuous, plain and clear," and that it was reasonably susceptible of an interpretation which would permit recovery for injuries to the owner of the car. In reaching this conclusion, the court reasoned that it must "affirm the trial courts' finding of coverage so long as there is any . . . reasonable interpretation under which recovery would be permitted in the instant cases. ▮ 'If semantically permissible, [an insurance] contract will be given such construction as will fairly achieve its object of securing indemnity to the insured for the losses to which the insurance relates.' (*Continental Cas. Co.* v. *Phoenix Constr. Co.* (1956) 46 Cal.2d 423, 437 [296 P.2d 801, 57 A.L.R.2d 914].) [¶] Applying this principle, we have concluded that, as claimants suggest, the policy's exclusion of 'bodily injury to the insured' may reasonably be interpreted as referring only to injuries sustained by the party facing liability for an alleged misuse of the vehicle, that is, the party who seeks a legal defense and indemnity from the insurer. In common parlance such an individual—even though only a permissive user—would normally be considered 'the insured' in these circumstances, and we believe that, as written, the present exclusionary clause could reasonably be understood as referring to injuries sustained by such a person. Because under this interpretation coverage would not be excluded for the injuries in the instant case, we hold that the trial courts correctly declared that the insurer was bound to its duty to defend and indemnify." (*State Farm Mut. Auto. Ins. Co.* v. *Jacober, supra,* at p. 203.) The court distinguished two earlier cases (*Farmers Ins. Exch.* v. *Geyer* (1967) 247 Cal.App.2d 625 [55 Cal.Rptr. 861], and *Farmers Ins. Exch.* v. *Brown* (1967) 252 Cal.App.2d 120 [60 Cal.Rptr. 1]) which had upheld clauses excluding from coverage injury to the "named insured"; the *Jacober* court declared that "such a clause clearly does not share the ambiguity of the provision at issue here." (*State Farm Mut. Auto. Ins. Co.* v. *Jacober, supra,* at p. 206.) The court in *Jacober* did not consider the effect of the Insurance Code provisions relied upon by appellant in the case at bench.

▮ In 1970, the Legislature enacted Insurance Code section 11580.1, which provides in pertinent part as follows: "(c) In addition to any exclusion as provided in paragraph (3) of subdivision (b), the insurance afforded by any such policy of automobile liability insurance

to which subdivision (a) applies may, by appropriate policy provision, be made inapplicable to any or all of the following: [¶] (5) Liability for bodily injury to an insured. [¶] The term 'the insured' as used in paragraphs (1), (2), (3), and (4) of this subdivision shall mean only that insured under the policy against whom the particular claim is made or suit brought. The term 'an insured' as used in paragraphs (5) and (6) of this subdivision shall mean any insured under the policy."

■ Thus, the statute by its terms permits exclusions "by appropriate policy provisions" of "liability for bodily injury to an insured." The clause at issue in the instant case states that the insurance coverage does not apply "to bodily injury to *any insured*" rather than "bodily injury to *an insured*" as provided in the statute. However, the meaning of the two terms appears to be the same, particularly in view of the specific language of subdivision (c) which states that "The term 'an insured' as used in paragraphs (5) and (6) of this subdivision shall mean any insured under the policy." (Italics added.)

■ We determine, therefore, that, in view of the statutory definition contained in subdivision (c) of Insurance Code section 11580.1 and the language of the policy itself, the exclusion clause at issue is clear and unambiguous, that it falls within the ambit of the permitted exclusion contained in the section referred to, and that it is effective to exclude coverage to the permissive user for bodily injury to the named insured, Hartle. (Cf., *Farmers Ins. Exch.* v. *Geyer, supra,* 247 Cal.App.2d 625, 630, 636.)

■ Respondents urge that the above provisions of Insurance Code section 11580.1, which authorize the exclusion upon which appellant relies, should be deemed unconstitutional as violative of the equal protection clause and contrary to public policy. This argument is effectively countered by the recent Supreme Court decision in *Schwalbe* v. *Jones* (1976) 16 Cal.3d 514 [128 Cal.Rptr. 321, 546 P.2d 1033]. In that case, the Supreme Court ruled that an automobile owner who is injured while riding as a passenger in his own car may not recover damages from the driver whose negligence caused the injury. In so holding, the court also made reference to liability insurance policies which exclude the named insured, declaring: "In a line of cases extending at least back to 1966, supported by authorities from other jurisdictions extending back considerably further than that, the courts of this state [have] indicated that a liability insurance provision excluding the named insured or

members of his family from coverage [is] valid and not in contravention of public policy. (See *Travelers Indem. Co.* v. *Colonial Ins. Co., supra,* 242 Cal.App.2d 227, 234 [51 Cal.Rptr. 724]; *Farmers Ins. Exch.* v. *Geyer* (1967) 247 Cal.App.2d 625, 629-632 [55 Cal.Rptr. 861]; *Farmers Ins. Exch.* v. *Brown* (1967) 252 Cal.App.2d 120, 122 [60 Cal.Rptr. 1]; *Hale* v. *State Farm Mut. Auto. Ins. Co.* (1967) 256 Cal.App.2d 177, 180-181 [63 Cal.Rptr. 819]; *Paul Masson Co.* v. *Colonial Ins. Co.* (1971) 14 Cal.App.3d 265, 269 [92 Cal.Rptr. 463]; cf. *Farmers Ins. Exch.* v. *Frederick* (1966) 244 Cal.App.2d 776, 781, fn. 3 [53 Cal.Rptr. 457]; see generally Annot., 46 A.L.R.3d 1061.) In view of these authorities the Legislature in 1970 . . . amended section 11580.1 of the Insurance Code to expressly permit such an exclusion." (*Schwalbe* v. *Jones, supra,* at p. 521.) The court took judicial notice of the fact that nearly all automobile liability insurance policies contain exclusions of this nature—which exclusions, if stated in unambiguous terms clearly operate to preclude an owner from recovering under his own liability policy under any circumstances. The legislation authorizing such clauses was deemed not to violate public policy: "The case of *State Farm Mut. Auto. Ins. Co.* v. *Jacober, supra,* simply held that the particular exclusion there in question was ambiguous with respect to whether the named insured was to be excluded from recovery when a second 'insured,' the permissive user-driver, negligently injured him. It is to be assumed that insurance companies will be studious to avoid such ambiguity in the future by modelling their exclusions upon that which was approved in the *Geyer* and *Brown* cases, a course which we clearly invited in *Jacober* (see 10 Cal.3d at p. 206). In so doing they will merely avail themselves of an exclusion expressly permitted by section 11580.1 of the Insurance Code. Any suggestion in *Jacober* that this would contravene some vaguely conceived public policy (see 10 Cal.3d at pp. 205-206) must surely founder upon the explicit language used by the Legislature to authorize such exclusions." (*Schwalbe* v. *Jones, supra,* 16 Cal.3d 514, at pp. 521-522, fn. 9.)

The policy exclusion clause here at issue is unambiguous within the meaning of Insurance Code section 11580.1, subdivision (c), and does not contravene public policy. As was stated by the court in *Farmers Ins. Exch.* v. *Geyer, supra,* 247 Cal.App.2d 625, 630: "since the Legislature has declared the applicable rule of public policy in such clear language it would be impermissible to reach any other conclusion than that the subject exclusionary language expressly excluded from coverage any liability of the driver for injuries sustained by the named insured."

The judgment is reversed, with directions to enter judgment in favor of appellant State Farm Mutual Automobile Insurance Company.

Draper, P. J., and Brown (H. C.), J., concurred.